# WL| Wright Law
## ATTORNEY AT LAW

---

**305 BROADWAY, SUITE 1001,**
**NEW YORK, NY 10007**
**OFFICE (212) 822-1419 • FACSIMILE (212) 822-1463**
wrightlawnyc@gmail.com
www.wrightlaw.nyc

April 4, 2022

**BY ECF**

The Honorable Ronnie Abrams
United States District Judge
Southern District of New York
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, New York 10007

Re:   *United States* v. *William Drayton* 22 Cr. 91 (RA)

Dear Judge Abrams:

     I represent William Drayton in the above referenced Indictment. Mr. Drayton respectfully requests the Court to schedule a bail hearing and submits this letter in support of his pre-trial release under the conditions suggested below.

     Mr. Drayton submits the following bail proposal to alleviate any concerns the Court may have that he is a danger to the community or a risk of flight: a $75,000.00 bond secured by three financially responsible persons; home detention at Mr. Drayton's residence; electronic monitoring; pretrial supervision; and any other conditions the Court or Pretrial Services may believe appropriate.

     Mr. Drayton is charged in the Indictment with being involved in a narcotics conspiracy in violation of 21 U.S.C. § 841(b)(1)(C). Mr. Drayton was arrested on February 1, 2022, and presented later that same day before Magistrate Judge Stewart D. Aaron, with the government seeking his detention; and an order of detention on consent was entered with leave for him to reopen the matter and present a bail package. The defendant now makes his first request for pre-trial release on bail.[1]

---

[1] The government continues to seek detention. At present, I am unaware of the position of Pretrial Services.

1

**The Bail Reform Act and Existing Second Circuit Case Law**

**The Government must demonstrate that there are "no condition or combination of conditions that will reasonably assure the appearance of the person as required and the safety of any other person and the community."**

The Eighth Amendment of the United States Constitution provides that "[e]xcessive bail shall not be required." U.S. Const. amend VIII. The Bail Reform Act of 1984 ensures this principle through 18 U.S.C. § 3142(b), which requires a court "to order the pre-trial release of a defendant on a personal recognizance bond 'unless the [court] determines that such release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community.'" *United States v. Sabhnani*, 493 F.3d 63, 74-75 (2d Cir. 2007) (quoting 18 U.S.C. § 3142(b)).

Accordingly, the Bail Reform Act strongly favors pretrial release, and a court should only detain a defendant in the absence of existing conditions, or a combination of conditions of release, that would reasonably assure the appearance of the defendant as required and prevent danger to the community. *See* 18 U.S.C. § 3142(c)(1). In determining whether such conditions exist, a court must consider the factors outlined in 18 U.S.C. § 3142(g):

> (1) "the nature and circumstances of the offense charged, including whether the offense is a crime of violence;"
>
> (2) "the weight of the evidence against the person;"
>
> (3) "the history and characteristics of the person, including –
>
>> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings;" and
>
> (4) "the nature and seriousness of the danger to any person that would be posed by the person's release."

18 U.S.C. § 3142(g).

The Indictment alleges a violation 18 U.S.C. § 841(b)(1)(C) which prescribes a maximum prison sentence in excess of ten-years under the Controlled Substances Act and as a consequence carries a presumption against bail. *See* 18 U.S.C. § 3142(e)(3)(A). However, the defendant need only meet "a limited burden of production … [of] evidence that he does not pose a danger to the community or a risk of flight," to rebut that presumption. *See United States v. English*, 629 F.3d 311, 319 (2d Cir. 2011) (quoting *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001)).

In response, the defendant must only introduce "some evidence contrary to the presumed fact in order to rebut the presumption." *United States v. Rodriguez*, 950 F.2d 85, 88 (2d Cir. 1991). When the defendant proffers such evidence, the presumption should be "weighed along with other factors to be considered" in deciding whether to release the defendant. Id.

Indeed, the government bears the "ultimate burden of persuasion by clear and convincing evidence that the defendant presents a danger to the community,' and `by the lesser standard of a preponderance of the evidence that the defendant presents a risk of flight.'" *United States v. Maxwell*, 510 F. Supp. 3d 165, 169 (S.D.N.Y. 2020) (quoting *English* 629 F.3d at 319). *See also United States v. Martir*, 782 F.2d. 1141, 1146 (2d Cir. 1986); *United States v. Chimurenga*, 760 F.2d 400, 405 (2d. Cir. 1985).

The Bail Reform Act requires a court to "bear in mind that it is only a 'limited group of offenders' who should be denied bail pending trial." *United States v. Shakur*, 817 F.2d 189, 195 (2d Cir. 1987); *see also United States v. Salerno,* 481 U.S. 739, 755 (1987) (suggesting that "detention prior to trial or without trial is the carefully limited exception" to liberty before trial). One charged with a crime is, after all, presumed innocent. *Stack v. Boyle*, 342 U.S. 1, 4 (1951). A single individual unnecessarily detained before trial is one individual too many, and the increasing use of the practice places tremendous wear on our constitutional system. *United States v. Montalvo-Murillo*, 495 U.S. 711, 723-24 (1990) (Stevens, J., dissenting, joined by Brennan and Marshall, JJ.). Due to the crucial interests involved, it follows that a "case-by-case" approach is required at any stage of the case in assessing the propriety of pretrial detention. *See United States v. Gonzales Claudio*, 806 F.2d 334, 340 (2d Cir. 1986) (discussing due process analysis for evaluating the propriety of prolonged pretrial detention, and the interests at stake) (citations omitted), *cert. dismissed sub nom., Melendez-Carrion v. United States*, 479 U.S. 978 (1986).

## **The Bail Reform Act Supports Mr. Drayton's Release**

In accordance with the above concepts and established case law, the Court can impose bail conditions which will reasonably ensure that Mr. Drayton is neither a risk of flight nor a danger to the community.

As the Court is well aware, this case involves the tragic over-dose death of three individuals. Mr. Drayton is not charged on this Indictment in relation to those deaths, rather he is charged solely with violating 18 U.S.C. § 841(b)(1)(C) which carries no mandatory minimum jail sentence.

<u>The Nature and Circumstances of the Offense</u>

Mr. Drayton is alleged to have been a "drug courier" who delivered controlled substances at the behest of co-defendant Billy Ortega. The alleged substances include cocaine and substances containing a detectable amount of fentanyl. There are no allegations of violence, possession of a firearm or that Mr. Drayton was a supplier, leader, or a manager.

The Weight and Evidence Against the Person

While it is undisputed that Mr. Drayton is exposed to potential jail time if convicted, the mere charge is inadequate as a basis for detention, especially where there are a number of factors that militate against detention. The strength of the government's case is frankly unclear, as there where never any controlled or observed narcotics sales and Mr. Drayton was never actually witnessed or found in possession of narcotics. In addition, to presume risk of flight from allegations of evidence of guilt alone, as the government usually assert that the evidence is strong, is not sufficient to show risk of flight, particularly where there are ties to the community. *U.S. v. Friedman*, 837 F.2d 48 (2d Cir. 1988).

The History and Characteristics of Mr. Drayton

Mr. Drayton is a 30 years-old life-long New Yorker who was born and raised in the Chelsea neighborhood of Manhattan. More recently, Mr. Drayton has moved to Hackensack, NJ with his girlfriend, Chrystie Ortiz, and their biological daughter and his stepson. He has strong community ties with a large extended network of family and friends in New York City. Mr. Drayton also holds a Commercial Drivers License, so in the event he was released he could find gainful employment here in New York as a commercial driver.

Mr. Drayton's limited criminal history also supports his release. He has no adult felony convictions and just two misdemeanor convictions. His last criminal conviction was from 8 years ago when didn't pay his subway fare and received a sentence of time served.

Most significantly, Mr. Drayton has a number of close family members who are willing to act as financial suretors on his behalf, as they all have supreme confidence that he will return to court and not be a danger to the community.

The Danger to the Community and Safety Concerns

Mr. Drayton is not charged or alleged to have committed any acts of violence. There does not appear to be any evidence that the defendant would pose a danger to the community that would not exist were the defendant detained.

Only where there is a strong probability that a person will commit additional crimes if released may the need to protect the community become sufficiently compelling that detention is, on balance, appropriate. *U.S. v. Colombo,* 777 F.2d 96, 98-99 (2d Cir. 1985). There has been no individualized showing that Mr. Drayton poses a heightened risk of danger to the community. The government may not rely on the fact of arrest alone or generalized law enforcement interest to establish that he is a danger. Clearly, Mr. Drayton's release poses no danger to any particular persons or the larger community.

In conclusion, the proposed package, which includes strict supervision and electronic monitoring, would permit almost immediate detection of any efforts to commit future crimes or flee, thus serving as a strong deterrent. *See, e.g., United States v. Esposito*, 309 F. Supp. 3d 24, 31 (S.D.N.Y. 2018) (ordering defendant's pretrial release subject to strict conditions as the

"danger Esposito poses to the community can be reasonably mitigated by conditions of release," although finding that "there is sufficient evidence that Esposito has significant involvement and influence in violent activities"). The defense also stresses the extraordinary moral suasion that would be exerted upon Mr. Drayton by his family and the three sureties.

For the foregoing reasons, Mr. Drayton respectfully requests that the Court grant bail subject to the conditions set forth above.

Most Respectfully,<br>
/s/<br>
Christopher Wright

cc:   AUSA Micah Festa Fergenson (by ECF)
      AUSA Michael Ross Herman (by ECF)