UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

───────────────────────────────

UNITED STATES OF AMERICA,

v.

BILLY ORTEGA,
               Defendant.

No.   22-cr-91(RA)-1

<u>OPINION & ORDER</u>

RONNIE ABRAMS, United States District Judge:

On March 18, 2021, the New York City Police Department ("NYPD") was dispatched to three separate locations in Manhattan where three overdose deaths were discovered. Each victim was found unresponsive and was pronounced dead at the scene—Julia Ghahramani and Amanda Scher, each at their own apartment, and Ross Mtangi, in a Manhattan hotel room. The victims were each located only feet away from black zip-lock bags containing a white powdery substance that would test positive for cocaine and, critically, fentanyl. Of particular relevance here, the NYPD recovered Scher's cellphone from underneath her body, and learned that, in the hours before her death, she had texted about a drug delivery with a person using the number 646-421-5555.

Following its investigation, the government commenced this action against Defendant Billy Ortega and several co-defendants. It charges Ortega with a narcotics conspiracy resulting in death, 21 U.S.C. § 841(a)(1); three counts of narcotics distribution resulting in death, 21 U.S.C. § 841(b)(1)(C); and possession of firearms in furtherance of drug trafficking, 18 U.S.C. §§ 924(c)(1)(A)(i) and (ii). Before the Court is Ortega's motion to suppress certain evidence associated with the cellphone ending in 5555, and with two iCloud accounts controlled by the same user as that cellphone. For the reasons explained below, the motions are denied.[1]

---

[1] Ortega also moved to sever his trial from that of his co-defendants, a motion the Court has granted on consent.

## LEGAL STANDARD

Pursuant to the Fourth Amendment, law enforcement must obtain a warrant supported by probable cause before obtaining "the record of [a person's] physical movements as captured through CSLI"—that is, Cell Site Location Information generated by a cellphone. *Carpenter v. United States*, 138 S. Ct. 2206, 2217 (2018). Courts in this district have uniformly applied the same probable cause standard for evaluating warrants to obtain data from iCloud accounts. *See, e.g., United States v. Ray*, 541 F. Supp. 3d 355, 377 (S.D.N.Y. 2021); *United States v. Blakstad*, No. 19-cr-486 (ER), 2020 WL 5992347, at *7 (S.D.N.Y. Oct. 9, 2020); *United States v. Lauria*, No. 19-cr-449 (NSR), 2020 WL 5743523, at *4–5 (S.D.N.Y. Sept. 25, 2020); *United States v. Pinto-Thomaz*, 352 F. Supp. 3d 287, 305 (S.D.N.Y. 2018). In evaluating whether probable cause supports a warrant, a court must make "'a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before [it] . . . there is a fair probability that . . . evidence of a crime' will be reflected in the records at issue." *United States v. Johnson*, 804 F. App'x 8, 10 (2d Cir. 2020) (quoting *Ill. v. Gates*, 462 U.S. 213, 238 (1983)). In reviewing a challenged warrant, a district court "accord[s] 'substantial deference to the finding . . . that probable cause exists, limiting [its] inquiry to whether the [issuing magistrate judge] had a substantial basis for his determination.'" *Id.* (quoting *United States v. Boles*, 914 F.3d 95, 102 (2d Cir. 2019)).

An evidentiary hearing on a suppression motion is unnecessary "where a defendant's allegations are general and conclusory or are based upon suspicion or conjecture." *United States v. Castellano*, 610 F. Supp. 1359, 1439 (S.D.N.Y. 1985). Rather, an evidentiary hearing is required only where "the moving papers are sufficiently definite, specific, detailed, and nonconjectural to enable the court to conclude that contested issues of fact going to the validity of the search are in question." *United States v. Pena*, 961 F.2d 333, 339 (2d Cir. 1992). A district court may decide

a motion to suppress without a hearing if the moving papers do not create a genuine issue as to a material fact. *See United States v. Caming*, 968 F.2d 232, 236 (2d Cir. 1992), *abrogated on other grounds by Peck v. United States*, 73 F.3d 1220 (2d Cir. 1995).

## DISCUSSION

The Court agrees with the government that probable cause readily supported both: (1) issuance of the warrant by Magistrate Judge Freeman for CSLI and pen register information for the cellphone ending in 5555, *see* Dkt. 38-1; and (2) issuance of the warrant by Magistrate Judge Cave for stored electronic communications associated with the two iCloud accounts, *see* Dkt. 38-2. Because Ortega does not raise any genuine issue of material fact with respect to the issuance of either warrant, the Court further finds that an evidentiary hearing is unnecessary to dispose of his motions to suppress. *See Pena*, 961 F.2d at 339.

**I.    The Warrant for CSLI and Pen Register Information for the Cellphone Ending 5555 was Supported by Probable Cause.**

The Affidavit before Magistrate Judge Freeman established the following facts. *See* Dkt. 38-1. On or about March 18, 2021, Amanda Scher was found in her apartment, unresponsive on her couch, and, upon the arrival of law enforcement and emergency medical personnel, was pronounced dead at the scene. CSLI Aff. ¶ 7(a). NYPD Detective Samantha Gill, the affiant, was one of the responding officers. *Id*. ¶ 7(b). She observed suspected cocaine on Scher's dresser and in a small black zip-lock bag on her nightstand. *Id*. Detective Gill also recovered Scher's cellphone from underneath her body, and, after accessing her phone, observed that Scher had an ongoing iMessage chain with the phone number 646-421-5555, a contact saved into Scher's phone as "Jason Melissa." *Id*.[2]

---

[2] Detective Gill affirmed that, based on review of these messages and messages between Scher and a friend, Gill was able to infer that "Jason" referred to the name used by the operator of the 5555 phone with Scher, and that "Melissa" referred to Scher's friend who introduced her to the user of the 5555 phone. *Id*. ¶ 25(a)(i).

3

Based on her approximately 10 years of experience investigating overdose cases, Detective Gill concluded that the message chain related to the distribution and purchase of narcotics. *Id*. ¶ 7(c). Among other things, Gill's affidavit included screenshots from Scher's phone wherein the 5555 phone number described a "new Batch," said that someone was "on the way" to Scher, and then later asked "how's this batch." *Id*. The screenshots also showed that the 5555 phone then messaged Scher with a warning: "try not to do too much because it's really strong." *Id*.

Gill's affidavit further stated that her investigation led her to two additional overdose victims found unresponsive on the same day; both were also discovered near black zip-lock bags containing suspected cocaine. *Id*. ¶ 7(e). Video surveillance of the locations where the three victims' bodies were recovered also captured a common individual who appeared to deliver something to each. *Id*. Based on this evidence, Detective Gill concluded that there was probable cause to believe that CSLI and pen register information from the phone number ending in 5555 would lead to evidence of a narcotics distribution conspiracy, and the locations of any coconspirators engaging in unlawful activity. *Id*. ¶¶ 6, 8. She explained that individuals often buy drugs from the same person over a period of time, and that Scher had exchanged frequent texts with the 5555 number going back several months prior to her death. *Id*. ¶ 8.

Ample probable cause supported issuance of the warrant for CSLI and pen register information from the phone number ending 5555. Ortega's motion provides no valid reason to overcome the "substantial deference" owed to the issuing magistrate judge's finding of probable cause, *see Boles*, 914 F.3d at 102, nor does it raise an issue of material fact requiring an evidentiary hearing, *see Pena*, 961 F.2d at 339. Contrary to Ortega's suggestion, it was not improper for the issuing judge to rely on Detective Gill's eminently reasonable conclusions based on her extensive experience investigating drug overdoses. *See, e.g. United States v. Gaskin*, 364 F.3d 438, 457 (2d

4

Cir. 2004) (observing that an affiant's "experience and training may allow a law enforcement officer to discern probable cause from facts and circumstances").

Ortega correctly observes that, in *Riley v. California*, 573 U.S. 373 (2014), the Supreme Court recognized that a cell phone "not only contains in digital form many sensitive records previously found in the home," but "also contains a broad array of private information never found in a home in any form." *Id*. at 396–97. Indeed, given "their immense storage capacity," cell phones may contain "millions of pages" of material, as if a person carried with them "every piece of mail they have received" or "every picture they have taken." *Id*. at 393–94. But these general propositions are inapposite here, as the government sought only CSLI and pen register information associated with the 5555 phone, not the digital data stored on the phone itself. More relevant for the purposes of the pending motion, *Carpenter* held that the government must "generally obtain a warrant supported by probable cause" in order to access historical CSLI. 138 S. Ct. at 2221. That is precisely what the government did here.

Accordingly, Ortega's motion to suppress the evidence obtained from the CSLI warrant for the cellphone ending in 5555 is denied.

II. **The Warrant for Stored Electronic Communications Associated with the Two iCloud Accounts was Supported by Probable Cause.**

Seven months after issuance of the CSLI warrant, in November 2021, the government sought a second warrant for stored electronic communications from two iCloud accounts with, respectively, the Apple IDs michlop812@icloud.com and kingbilly0812@gmail.com. *See* Dkt. 38-2. In support of the applications, it filed another affidavit from Detective Gill containing substantially the same facts about Scher's overdose death and communications with the 5555 phone number, *see* iCloud Aff. ¶ 21(a)–(e), together with the following information regarding its continued investigation.

5

Apple provided the government with records associated with the cellphone ending in 5555 indicating that the user of that phone used two iCloud accounts: (1) an account with the Apple ID michlop812@icloud.com and DSID 16405797112; and (2) an account with the Apple ID kingbilly0812@gmail.com and DSID 17492523977.  *Id.* ¶ 24(a)–(b).  Based on that information, Detective Gill determined that a common individual used those accounts and operated the 5555 phone.  *Id*. ¶ 25.  Her affidavit included screenshots of messages between the 5555 phone and Scher with a prompt stating "New name and photo available [/] Michael Lopez," for which the account michlop812@icloud.com appeared to be shorthand.  *Id*. ¶ 25(a)(ii).  Gill also included screenshots of a message Scher received from a contact named "Jason Melissa" with the phone number 646-354-3122 which read: "Hey you doing Amanda is me Jason pls delete 646-354-3122 [/] You txt Wrong number."  *Id*. ¶ 25(a)(iii).  Gill further indicated that the kingbilly0812 iCloud account listed the 5555 number as its two-factor authentication contact method, *id*. ¶ 25(b)(i); that both iCloud accounts were associated with the Game Center nickname "KingBillz0912," *id*. ¶ 25(b)(ii); and that both iCloud accounts listed addresses on the same block of the same street in Manhattan, *id*.  Based on her experience, and this and other information detailed in her affidavit, Detective Gill attested to her belief that there was probable cause that the two iCloud accounts contained evidence related to the narcotics conspiracy because they were operated by the same person who used the 5555 drug dispatch phone.  *Id*. ¶ 29.

Issuance of the iCloud warrant based upon Gill's second affidavit was also plainly supported by probable cause.  Substantial evidence demonstrated that the user associated with the accounts—the same person who used the 5555 phone—was involved in the distribution of narcotics leading to multiple overdose deaths.  Ortega's argument that Gill resorted solely to speculation is unavailing.  As with the CSLI Affidavit, Detective Gill drew reasonable inferences

6

based upon her experience investigating narcotics overdoses.  *See Gaskin*, 364 F.3d at 457. Ortega's motion to suppress the evidence obtained from the iCloud warrant is thus also denied.

### III.     The Good-Faith Exception Applies

Finally, even assuming that the CSLI and iCloud warrants were not supported by probable cause, application of the exclusionary rule is unnecessary because law enforcement acted in good faith in obtaining the evidence that Ortega seeks to suppress.  The Second Circuit has repeatedly observed that "evidence obtained by officers in objectively reasonable reliance on a warrant subsequently invalidated by a reviewing court is not generally subject to exclusion." *United States v. Raymonda*, 780 F.3d 105, 118 (2d Cir. 2015) (cleaned up); *see also United States v. Leon*, 468 U.S. 897, 921–22 & n.23 (1984) (explaining that the exclusionary rule is inapt for situations like this, as penalizing law enforcement for a magistrate judge's error in issuing a warrant "cannot logically contribute to the deterrence of Fourth Amendment violations").  The CSLI and iCloud data was obtained pursuant to the CSLI and iCloud warrants, and there is no evidence that either warrant was obtained by fraud or that material information was omitted from the supporting affidavits.  The government has thus met its burden of "demonstrat[ing] the objective reasonableness of the officers' good faith." *United States v. George*, 975 F.2d 72, 77 (2d Cir. 1992).  Accordingly, the Court finds that the good faith exception applies, to the extent that the warrants were not supported by probable cause.  *See United States v. Zodhiates*, 901 F.3d 137, 143 (2d Cir. 2018) ("[W]hen the Government acts with an objectively reasonable good-faith belief that their conduct is lawful, the exclusionary rule does not apply.") (cleaned up).

**CONCLUSION**

For the foregoing reasons, Ortega's motions to suppress CSLI and pen register evidence associated with the 646-421-5555 cellphone, from the iCloud account with the Apple ID michlop812@icloud.com, and from the iCloud account with the Apple ID kingbilly0812@gmail.com are denied.  The Clerk of Court is respectfully directed to terminate the motion pending at docket entry 35.

SO ORDERED.

Dated:   November 2, 2022
         New York, New York

                                         _____
                                         Hon. Ronnie Abrams
                                         United States District Judge