MAEDORTA

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,

      v.                     22 Cr. 091 (RA)

BILLY ORTEGA, ET AL,

                                 Arraignment
          Defendants.

------------------------------x

                             New York, N.Y.
                             October 14, 2022
                             2:00 p.m.

Before:

                  HON. RONNIE ABRAMS,

                           District Judge Judge

                    APPEARANCES

DAMIAN WILLIAMS
     United States Attorney for the
     Southern District of New York
MICAH FESTA FERGENSON
MICHAEL ROSS HERMAN
     Assistant United States Attorney

DAWN M. FLORIO
     Attorney for Defendant Billy Ortega

RICHARD HARRIS ROSENBERG
     Attorney for Defendant Josefina Marine

MAEDORTA

1          (Case called; appearances noted)

2          THE COURT:  So I understand that Ms. Marine was

3   presented before Magistrate Judge Gorenstein on October 6.  She

4   was released on a bond entered in the amount of a hundred

5   thousand dollars, to be cosigned by three financially

6   responsible people, and she's residing with her sister in

7   Manhattan.

8          Is that all right, Mr. Rosenberg?

9          MR. ROSENBERG:  That's all been taken care of.  Thank

10  you, Judge.

11         THE COURT:  Has she been arraigned on the superseding

12  indictment?

13         MR. FERGENSON:  No.

14         THE COURT:  Okay.  Why don't we do that, and we'll do

15  that with respect to Mr. Ortega as well, because it is a

16  superseding indictment.

17         So the superseding indictment charges you both with a

18  narcotics conspiracy resulting in death -- sorry.  Here.

19         Okay.  So you're both charged in Count 1, as I said, a

20  narcotics conspiracy resulting in death; and then Mr. Ortega is

21  charged in Count 2 by himself with narcotics distribution

22  resulting in death; and then Mr. Ortega is charged in Count 3

23  with narcotics distribution resulting in death; and Count 4,

24  narcotics distribution resulting in death; and in Count 5, both

25  defendants, Mr. Ortega and Ms. Marine, are charged with

1   firearms use, carrying, and possession.

2            So, Mr. Ortega, could you please stand?  Have you seen

3   a copy of the superseding indictment that I just referred to?

4            DEFENDANT ORTEGA:  Yes.

5            THE COURT:  Have you discussed it with your lawyer?

6            DEFENDANT ORTEGA:  Yes.

7            THE COURT:  Do you want me to read it all out loud

8   here in court or do you waive its public reading?

9            DEFENDANT ORTEGA:  I waive it.

10           THE COURT:  How do you plead to the charges?

11           DEFENDANT ORTEGA:  Not guilty.

12           THE COURT:  Thank you.  You can be seated.  Thank you.

13           Ms. Marine, could you please stand.

14           Have you seen a copy of the superseding indictment?

15           DEFENDANT MARINE:  Yes.

16           THE COURT:  Okay.  And have you discussed it with your

17  attorney?

18           DEFENDANT MARINE:  Yes.

19           THE COURT:  Would you like me to read the entire

20  indictment out loud or do you waive its public reading?

21           DEFENDANT MARINE:  No.

22           THE COURT:  Okay.  So you waive the public reading?

23           MR. ROSENBERG:  Yes, she does, Your Honor.

24           THE COURT:  How do you plead to the charges,

25  Ms. Marine?

1    DEFENDANT MARINE:  Not guilty.

2    THE COURT:  Not guilty.  Thank you.

3    So I know we had a trial scheduled prior to the

4    superseder for November 28, so why doesn't the government tell

5    me about the status of discovery and what the parties

6    anticipate should happen, will happen next, or what they'd like

7    to happen next in light of this superseding indictment.

8    I should note that I am aware that I have before me

9    Mr. Ortega's motion to suppress.

10    MR. FERGENSON:  Yes, your Honor.  I think, first, let

11    me address the fact that we've added a new defendant.

12    THE COURT:  Right.

13    MR. FERGENSON:  The charges in the superseding

14    indictment are slightly confusing, but, just to clarify,

15    Ms. Marine is not charged with causing the deaths.  And because

16    of that --

17    THE COURT:  I was just reading literally from the

18    indictment, just to be clear.

19    MR. FERGENSON:  Understood, your Honor.

20    THE COURT:  Just to be clear.

21    MR. FERGENSON:  Understood, your Honor.  I think

22    because of that --

23    THE COURT:  Yes.

24    MR. FERGENSON:  -- the government would consent to

25    sever her trial from Mr. Ortega's given that Mr. Ortega's trial

1  will necessarily include substantial evidence relating to the

2  causing of those three deaths, which is not necessarily

3  admissible against Ms. Marine in a narcotics conspiracy trial.

4  So I don't think that her joining the case would be reason to

5  adjourn the November trial date.

6  THE COURT:  Okay.  So why don't you just walk us

7  through with respect to -- well, actually, let me just stop for

8  a minute.  Is there any objection from either of the defendants

9  to severing the two trials?

10  MS. FLORIO:  No, your Honor, not with respect to

11  Mr. Ortega.

12  MR. ROSENBERG:  It's my first time hearing this,

13  Judge, but my initial reaction is I have no objection.

14  THE COURT:  Thank you.

15  Mr. Fergenson, why don't you walk me through precisely

16  how the superseding indictment differs from the underlying

17  indictment and if there's any additional discovery that has

18  been produced or needs to be produced with respect to

19  Mr. Ortega.

20  MR. FERGENSON:  It doesn't differ all that much, your

21  Honor, is the short answer.  The original indictment charged a

22  narcotics conspiracy resulting in death in one count.  It

23  charged a (b)(1)(C) conspiracy.  This new indictment also

24  charges a narcotics conspiracy resulting in death in a larger

25  time period and charges a (b)(1)(A) narcotics conspiracy.

1          In both indictments in that -- in Count 1, Mr. Ortega

2     is charged with causing the same three deaths.  The superseding

3     indictment then adds a substantive charge of narcotics

4     distribution resulting in death for each of those three deaths,

5     your Honor.  But substantially it is the same evidence as was

6     already in the original indictment.

7                THE COURT:  Right.

8                MR. FERGENSON:  Same with the larger time period of

9     the narcotics conspiracy.

10                THE COURT:  It obviously increases the weight --

11                MR. FERGENSON:  Correct, your Honor.

12                THE COURT:  -- based on what you just noted.

13                MR. FERGENSON:  But the discovery doesn't change.

14                THE COURT:  Okay.

15                MR. FERGENSON:  And then there is one -- call it a new

16     count, sort of a slightly new count, which is Count 5, which is

17     a 2018 United States Code Section 924(c) charge for possessing

18     and using a firearm in furtherance of that narcotics conspiracy

19     in Count 1.

20                THE COURT:  What, if any, discovery is there on the

21     firearm that hadn't previously been disclosed?

22                MR. FERGENSON:  I don't believe there is anything

23     specific to that, your Honor.  If I may just briefly confer

24     with my colleague?

25                THE COURT:  Sure.

MAEDORTA

1          MR. FERGENSON:  Yes, your Honor, that is correct.

2          Perhaps just one additional note for your Honor is

3     that, you know, arising from the arrest of Ms. Marine, there is

4     evidence that we will also produce in discovery and that has

5     not yet been produced, but we'll do so promptly.  And I don't

6     expect it --

7          THE COURT:  What does that consist of and how

8     voluminous do you expect it to be?

9          MR. FERGENSON:  It consists of evidence relating to

10    the arrest, which took place in the apartment that was used as

11    a stash house for the conspiracy, including, you know, in

12    connection with the charges that Mr. Ortega is facing,

13    photographs, videos.  And also Ms. Marine did have a cell phone

14    that was seized, and, you know, I don't believe we have --

15    we're not inside of the phone yet, but we can provide the

16    discoverable evidence as soon as we're able to review it, your

17    Honor.

18         THE COURT:  Okay.  So in your view, if I were to

19    decide the motion to suppress promptly, is there any reason to

20    adjourn the November 28th trial date?

21         MR. FERGENSON:  Not in the government's view, your

22    Honor.

23         THE COURT:  Alright.  Thank you.

24         Ms. Florio, do you want to be heard at all?

25         MS. FLORIO:  I do.  So I have not had the opportunity

1   to really fully discuss this with my client.  This just

2   happened several days ago.  I'm presently on trial with a

3   murder case.  We just finished selecting the jury.  We're going

4   to start openings, and I'll be on trial for another three to

5   four weeks.

6           In light of the new information, in light of the new

7   charges which are consecutive to the already mandatory 20

8   years, even though there may not be voluminous discovery, the

9   government really has had this investigation for eight months,

10  and now we find ourselves very close to trial and now there's

11  additional charges that are being, you know, brought for my

12  client.

13          And, especially, we need to do an investigation.

14  There's an allegation that guns were used, which never came up

15  before in this whole month -- like my client was never charged

16  with that.  So I am most respectfully asking for an adjournment

17  of the trial.  I don't think my client is best served -- he

18  also mentioned to me that, based on the new superseding

19  indictment, although we have made our motion with respect to

20  the suppression issue, he would also like me to make some

21  additional motions, and I haven't had the opportunity, because

22  we just met right now, to speak about this in person.

23          He may want me to file some additional motions with

24  respect to the sufficiency of the indictment and things of that

25  nature.  So I really feel that it's critical, in my estimation,

1  that we would not be prepared to start the trial the end of

2  November.

3              THE COURT:  When did you join the team?

4              MS. FLORIO:  I joined the team in May.

5              THE COURT:  When did you come to represent Mr. Ortega?

6              MS. FLORIO:  In the beginning of the case.  I just

7  wasn't aware that we were going to have this -- like no one

8  ever told me that we were going to have this case superseded at

9  this late date.

10             THE COURT:  But if there's not much additional

11 evidence, what difference does that make?  I mean, the motion

12 date has passed, so I'm --

13             MS. FLORIO:  But there's a new indictment.

14             THE COURT:  Right.

15             MS. FLORIO:  And I would like the opportunity to

16 discuss with my client and possibly make a motion to dismiss

17 the indictment, bill of particulars, things of that nature,

18 which this is new.  This is not something that we had before.

19 These are new additional charges which are mandatory,

20 consecutive to the already very heavy penalty of the 20 years'

21 mandatory.

22             And my client is very, you know, disturbed by the fact

23 that we're getting very close to trial and we really have not

24 been -- you know, we reached out to the government discussing

25 about pleas, and I guess because of the new superseding

MAEDORTA

1   indictment that was coming down that we weren't aware of, we

2   haven't really engaged in meaningful plea negotiations, and I

3   would like the opportunity to do that as well.

4         THE COURT:  Alright.

5         MS. FLORIO:  That's just our position, your Honor.  I

6   understand your position and the family's position, but this is

7   my position.  I have to protect my client's rights and his

8   wishes, so I wanted to make that known to your Honor.

9         THE COURT:  No.  I understand.

10        Is there any information the government can provide as

11   to why it took so long to supersede and why you're superseding

12   now, a little over, you know --

13         MS. FLORIO:  Eight months --

14         THE COURT:  -- a month away when this trial was

15   scheduled back in May?

16         MR. FERGENSON:  Your Honor, I think it was closer to

17   two months, but we can't go into detail on --

18         THE COURT:  No.  I understand.

19         MR. FERGENSON:  -- the reason why, your Honor, but I

20   would just add that, you know, without -- I did not get into

21   details with Ms. Florio's associate, who I spoke with about the

22   likelihood that there would be a superseding indictment.  But I

23   did at least alert them to that fact.

24        And I can't recall if I mentioned any expected

25   charges, but I think I did make clear that, you know, it's not

MAEDORTA

1   going to substantially change the evidence.  And I don't think

2   -- I'm not saying Ms. Florio is misrepresenting.  I think, you

3   know, she may just be mistaken.  My conversation was not with

4   her directly.  But that was sometime this summer, your Honor,

5   and I don't -- you know, I think the government would strongly

6   oppose an adjournment.

7          If it's a matter of like a week as a courtesy, you

8   know, perhaps that -- we could be agreeable to that.  We don't

9   want to be unreasonable, but we really don't see a basis for

10  any kind of significant adjournment here, Your Honor.

11         THE COURT:  How long do you anticipate this trial will

12  last --

13         MR. FERGENSON:  I think --

14         THE COURT:  -- assuming I grant the severance motion,

15  which I fully intend to do once I hear Mr. Rosenberg's formal

16  position, which I assume will remain that he has no objection,

17  but I know he said that he is hearing about it for the first

18  time today and wants to discuss it with his client.

19         MR. FERGENSON:  When we had initially discussed the

20  trial, I believe we put it down for two weeks, your Honor.  I

21  think -- we like to be particularly conservative when giving

22  trial-length estimates.  I think, realistically, it will

23  probably be a week trial, you know, with all the caveats that

24  we don't control the defense' case, or the length of

25  cross-examination.

MAEDORTA

1          THE COURT:  Understood.

2          MS. FLORIO:  Your Honor, if I just may be heard with

3   respect to that?

4          THE COURT:  Yes.

5          MS. FLORIO:  I never knew that guns were going to be

6   introduced into this superseding indictment, and I think the

7   allegation is that the place where my client's mother lived was

8   the stash house, right?

9          And I really didn't know that from before with respect

10  to -- you know, I guess guns were found -- like I guess someone

11  is saying that guns were in there, although no guns were ever

12  recovered at the first time of the search and the second time

13  when Ms. Marine had consented to the search.

14         However, there's ringing doorbell cameras and may be

15  other surveillance that now I have to carefully look at with

16  respect to anyone coming in, or I think there's allegations

17  that a lot of drug activity was going on in that apartment, and

18  I know that guns are supposedly in that -- I believe, and I

19  haven't really fleshed this out, since, you know, I don't

20  really have any additional discovery, but I assume that a

21  cooperator, someone is going to come in here and say there was

22  drug activity coming out of this apartment.

23         And I would like an opportunity to have an

24  investigator, which I already hired, to look into that and to

25  speak to other neighbors.  And that's going to take some time,

1    and that was not something that we were sort of anticipating

2    with respect to this indictment.

3         So I just wanted to make that clear.  It's not only

4    discovery.  It's also investigations, because to me it would be

5    very important to see who is going in and out of that

6    apartment.

7         If there's allegations by a cooperator, for example,

8    just for example -- I don't know what the evidence is going to

9    be -- that, you know, there was drug activity happening out of

10   this woman's apartment that my client does not live in, but

11   that's his mom and he would go see his mom.  And he was living

12   in New Jersey with his child's mother and his children.

13        So those are things that I think, in terms of the

14   investigation, that I would need to do to be fully prepared for

15   this trial and to fully cooperate, confront whatever person is

16   going to make allegations, since no actual drugs were ever

17   found in the apartment or on my client or in my client's house,

18   that these are things that I would need to controvert.

19        So that's why I think I need more time.  I'm not

20   asking for a significant amount of time.  However, we are

21   getting very close to the holidays, and, you know, I did have a

22   trip planned for my birthday, which is a very, very big

23   birthday, which -- I don't want to say how old I am, but I was

24   actually going to go out of the country.  And that's why I was

25   asking if we do go to trial, and we may not go to trial right

1    after the holidays, to begin this trial -- I don't have

2    anything scheduled right after January, so that's why I was

3    asking, because we're already getting dangerously close to the

4    Christmas holidays.  And what if the trial does go over, even

5    if we started on time -- so that's one of the reasons I didn't

6    feel -- a short adjournment, I'm not asking for months.  I'm

7    just asking for an opportunity to complete my investigation and

8    to fully be prepared.

9         I also am on trial, and I know that we don't get 3500

10   material until very, very close to the trial, so I need to be

11   prepared.  And I just don't know how long the trial I'm on --

12   this is a murder trial, and it could last four weeks, so I'm

13   just getting a little worried with respect to my client and all

14   the things that need to be done in light of this new

15   superseding indictment.

16        THE COURT:  Alright.  Thank you.  Just give me one

17   second.

18        So let me ask you this.  Would the parties be

19   available to -- sorry.  Could the parties be available to try

20   this case on January 18th?

21        MS. FLORIO:  Yes.

22        THE COURT:  I'll note that it's a Wednesday.  I know

23   that's a little unusual, but the Court's closed on Tuesday.  I

24   actually have another trial, another criminal trial, both on

25   the 9th and on the 30th.

MAEDORTA

1          I mean, the other thing I can do is I can try right

2     after January 1st, but we won't have the opportunity to build

3     in the final pretrial conference and the like.  So if we do it

4     on the 18th, we start on that Wednesday, my hope is that then

5     we'll be completed by the 27th.  I have another trial on the

6     30th.

7          Does that work, the 18th through the 27th?  Obviously,

8     if it goes beyond that, I'll push my other trial.  I don't mean

9     to suggest I'm going to limit the time of the trial.  I'm just

10    telling you my thinking of why I'm starting on Wednesday, which

11    I know is a little bit unorthodox.

12         MR. FERGENSON:  Just a moment, your Honor.

13         THE COURT:  Sure.

14         MR. FERGENSON:  Yes, your Honor.

15         THE COURT:  Okay.  So why don't we do that.  I feel

16    like, in light of the fact that the indictment has been

17    superseded, and that Mr. Ortega is now facing additional

18    charges, including ones that carry an additional mandatory

19    sentence for conduct that was not charged previously,

20    specifically firearms possession, I think it's appropriate to

21    grant this one adjournment.

22         I'll tell you now I don't anticipate adjourning it

23    further.  It's important that we move this case to trial, but I

24    also want to ensure that Mr. Ortega has the time he needs to

25    make the motion that he's entitled to make under the law, and

1    that his counsel is available to facilitate that.

2            So is there any objection -- I'm going to assume the

3    answer is none -- Ms. Florio, to adjourning the speedy trial

4    time until January 18th?

5            MS. FLORIO:  No objection.  That's on consent.  Thank

6    you.

7            THE COURT:  Alright.  So that motion is granted in the

8    interest of justice for the reasons that I just noted.  I'll

9    issue an order later today with updated submission dates.  I

10   may keep some of the submission dates a little bit earlier with

11   respect to pretrial submissions and the like, just because as

12   we're coming back from the holidays, as I already noted, I have

13   another trial, and I just want to make sure that everything is

14   decided sufficiently in advance of the trial.

15           So I'll issue the order in advance of the -- as well

16   as the date of the final pretrial conference, but you should be

17   prepared to try this case on January 18th.

18           Alright.  Are there any other applications at this

19   time, anything else we need to discuss?

20           MR. FERGENSON:  Not from the government, Your Honor.

21           THE COURT:  Okay.  So, Ms. Florio, are you continuing

22   to supplement or alter the pending motion in any way?  I know

23   you said you might separately, for example, make a motion to

24   dismiss the indictment, the superseding indictment, based on

25   the new charges that have been added, but should I address the

1    motion to suppress as is?

2          MS. FLORIO:  Yes, your Honor.

3          THE COURT:  Okay.  And I will do that promptly.

4          So the next issue I want to discuss is Ms. Marine.

5    Assuming that you don't want to go to trial or your client does

6    not want to go to trial with Mr. Ortega and that you consent to

7    the severance, which, as I said, I would sign off on as well,

8    when will you be prepared to set a trial date?

9          MR. ROSENBERG:  Well, Judge, I'd like an opportunity

10   -- I of course don't know any of the discovery in the case or

11   what, if any, motions I'm going to make.

12         THE COURT:  Right.  Well, that's why I'm not asking

13   you to set it today, as much as asking when you'll be able to,

14   because what I'd like to do is schedule another conference, and

15   at that conference I'd like you to be prepared to set a motion

16   schedule and trial date for Ms. Marine.

17         So when do you think -- based on information you have

18   about discovery, when do you think you'll be able to do that?

19         MR. ROSENBERG:  This is my current schedule, your

20   Honor.  I am scheduled to proceed to trial at the end of

21   January, January 23rd, with jury selection, and trial begins on

22   the 30th in the Eastern District of New York.  The case I'm on

23   this morning -- and that was confirmed.

24         I do have another trial scheduled for March 23rd in

25   front of Judge Stein, and another one scheduled for April 10th

1  in the Eastern District on an MS-13 case.  And then there's

2  another case that's scheduled in June as well.

3       So of course I'm not saying that all of those cases

4  are going to trial, but it seems to me at this point in time

5  that the January case will go and the April case will go, and

6  it's possible that the March one will as well.  So I'm pretty

7  stacked up.

8       I will certainly know much more about the viability of

9  those cases either pleading or continuing on a trial track

10  hopefully at a conference date that we can set, and I'd have a

11  much better idea, Judge.  I'll have an opportunity to review

12  the discovery, see the motions.

13       THE COURT:  So what I don't want to do -- I mean, it

14  sounds like you have a very fulsome trial schedule for next

15  year.  What I don't want to do is just put this off for another

16  year.  So the question now is really how long do you need to

17  review discovery such that you're in a position to schedule a

18  trial date?

19       So we don't need to schedule one today, but I want to

20  schedule one soon even if, you know, we need to make it next

21  spring or even summer to accommodate your trial schedule.  I

22  mean, does the beginning of November work, for example, for --

23  I mean, we could do 45 days.

24       MR. ROSENBERG:  I was going to ask for 45 to 60 days.

25       THE COURT:  Okay.

MAEDORTA

1      MR. ROSENBERG:  That's my usual request on discovery

2  review.

3      THE COURT:  Alright.  So why don't we do that.  Why

4  don't we -- why don't we meet on December 16th.

5      MR. ROSENBERG:  December?

6      THE COURT:  December 16th.

7      MR. ROSENBERG:  That's a Friday, yes.

8      THE COURT:  That's a Friday.

9      MR. ROSENBERG:  And I do consent to the severance.

10     THE COURT:  Okay.  Alright.  So that's decided, so

11  that motion's granted.  But should we meet December 16th at

12  1:00 PM, for example?

13     MR. ROSENBERG:  That works.

14     THE COURT:  Does that work?

15     MR. FERGENSON:  Yes, your Honor.

16     THE COURT:  Alright.  So at that time you should be

17  prepared to set a trial date and a motion schedule.

18     MR. ROSENBERG:  Okay.

19     THE COURT:  And assume that we're going to stick to

20  that schedule.

21     MR. ROSENBERG:  We'll do our best.

22     THE COURT:  So I'm giving you those 60 days now to

23  review the discovery, to be in a position to set that trial

24  date.

25     MR. ROSENBERG:  Sounds good.

MAEDORTA

1          THE COURT:  Okay.  And that works for the government?

2          MR. FERGENSON:  It does, your Honor.

3          May I ask one clarifying question?

4          THE COURT:  Yes.

5          MR. FERGENSON:  I know the judge said you'll be

6     issuing an order later with updates.  Will that include the

7     schedule for Rule 12 motions, like a motion to dismiss the

8     indictment, or --

9          THE COURT:  Why don't we schedule that today.

10          MR. FERGENSON:  Okay.

11          THE COURT:  What I'll do by order, and I'm glad you

12     raised that, is I'll just address the pretrial submissions,

13     which will be closer to the trial date, although, as I already

14     noted, probably in December sometime.

15          So, Ms. Florio, how much time do you need to make

16     additional motions, such as the motion to dismiss the

17     superseding indictment that you referenced?

18          MS. FLORIO:  Thirty days, your Honor.

19          THE COURT:  Alright.  So that takes us to

20     November 14th.  How long -- does the government need to

21     respond?

22          MR. FERGENSON:  Would three weeks work for the Court?

23          THE COURT:  So that goes to December 5th.

24          And then, Ms. Florio, I'll give you until -- I'll give

25     you a week to reply.  So that's December 12.  Okay?

MAEDORTA

1           MS. FLORIO:  Thank you.

2           THE COURT:  Alright.  So we have that schedule.

3           Mr. Rosenberg, do you consent to the exclusion of

4    speedy trial time until we meet again on the December 16 date?

5           MR. ROSENBERG:  I do indeed, Judge.

6           THE COURT:  Okay.  And I'm going to exclude time from

7    today until December 16 pursuant to 2018 United States Code

8    Section 3161(a).  I find that the ends of justice served by

9    excluding such time outweigh the interests of the public and

10   the defendant in a speedy trial, because it will allow time for

11   the defendant and her counsel to review discovery, to consider

12   whether to make any motions, and, if so, to prepare them and --

13   or start to prepare them and to discuss any possible

14   disposition of the case.

15           Are there any other applications at this time?

16           MR. FERGENSON:  No, your Honor.

17           MS. FLORIO:  No, your Honor.  I just wanted to be

18   clear that we do not have to -- Mr. Ortega does not have to

19   appear on December 16, correct?

20           THE COURT:  That is correct.

21           MS. FLORIO:  Thank you.

22           THE COURT:  I am severing the two cases, and so he

23   does not have to appear.  So we'll have the proceedings

24   separately going forward in each of the two cases.  Alright.

25           MS. FLORIO:  Thank you very much.

MAEDORTA

1              THE COURT:  Thank you.  We are adjourned.

2              (Adjourned)

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25