UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
UNITED STATES OF AMERICA

                               **MEMORANDUM IN SUPPORT OF MOTION UNDER RULE 45(b)(1)(A)**

     -against-

**BILLY ORTEGA,**                                                     **IND# 22-CR-091-S4 (RA)**

                                   Defendant.
------------------------------------------------------------------------X

Your Honor,

**PRELIMINARY STATEMENT**

      Defendant Billy Ortega submits this Motion for an Extension of Time under Federal Rule of Criminal Procedure 45(b)(1)(A). Under Fed. R. Crim. P. 45(b)(1)(A) "[w]hen an act must or may be done within a specified time the court on its own may extend the time, or for good cause may do so on a party's motion made." Recently the Government revealed that they had gained access to a number of cellular telephones recovered during the search of 95 Wooley Road as well as a cell phone recovered from the co-defendant at her arrest. These phone extractions are significant; the Government estimates that the phones recovered at Wooley Road are approximately 222.6 GB of data, and the co-defendant's phone is approximately 16 GB of data. The Government stated that they had sent a hard drive back to us with that discovery via certified mail on December 8 but, as of December 13, 2022, it was lost in the mail. We would therefore request that the deadline for in limine motions, proposed voir dire questionnaires, jury instructions, and verdict forms be extended to Friday, December 30, 2022. We have spoken with the government, who would consent to an extension of one week, to December 23, 2022.

**GOOD CAUSE EXISTS FOR AN EXTENSION**

      On October 14, 2022, there was a preliminary conference in this matter, at that conference the trial in this matter was rescheduled to January 18, 2023. The pretrial deadlines were set with in limine motions, proposed voir dire questionnaires, jury instructions, and verdict forms due by

1

December 16, 2023; responses due by December 23, 2022; and pretrial conference for January 13, 2023, at 1:00 pm.

On December 13, 2022, a superseding indictment, S4, was filed. While S4 contains the same charges as S3 it adds a new allegation to Count One that that the controlled substances the Defendant conspired to distribute and possess with intent to distribute included acetyl fentanyl, a fentanyl analog; it further adds a new allegation to Count Two that the substances distributed to Julia Ghahramani also contained acetyl fentanyl. There had been no allegations related to acetyl fentanyl until the S4 indictment on December 13, 2022.

On the evening of December 13, 2022, defense counsel spoke to the Government related to this case. The Government informed defense counsel that the hard drive containing the new phone extractions, which was received by the Government on November 29 and was mailed to defense counsel on December 8 via certified mail, was lost in the mail. Later that evening the Government sent an email to defense counsel stating that these extractions consisted of four (4) phones seized from 95 Wooley Road and approximately 222.6 GB of data. It additionally consisted of a phone seized from the co-defendant at her arrest, which contained approximately 16 GB of data.

If convicted Mr. Ortega faces a mandatory minimum of 20 years with a maximum of life in prison. Given the seriousness of these charges it would be irresponsible to file motions in limine without reviewing this material to see if it requires any such motions. Defense counsel are hand delivering hard drives to the Government today, December 14, 2022, to expedite the delivery of this material. Even if we were to receive the discovery today it simply would not be possible to review this material by the December 16, 2022, deadline. There is not even a guarantee that the discovery could be downloaded and produced to defense counsel by that time.

The fact that this significant amount of discovery is being produced, and has not yet been received, so close to the deadline for motions in limine does constitute good cause to extend the time period in which "an act," the filing of our motions and related matters, "must or may be done." This motion for extension falls under Fed. R. Crim. P. 45(b)(1)(A) as this motion is made "before the originally proscribed or previously extended time expires." We would request an extension of

two weeks, which would result in a filing date of December 30, 2022. This would give us sufficient time to review this material and submit our motions. Were this extension to be granted we believe that we could still proceed with the scheduled trial date of January 18, 2023. We have discussed this matter with the Government, who have consented to an extension of one week to December 23, 2022.

**CONCLUSION**

Based upon the foregoing, it is respectfully submitted that there exists good cause to extend the time for filing motions under Fed. R. Crim. P. 45(b)(1)(A).

Dated: 12/14/2022

Respectfully Submitted,

*Dawn M. Florio*

Dawn M. Florio Law Firm P.L.L.C.
By DAWN M. FLORIO
Attorney for Defendant
Billy Ortega
488 Madison Ave, 20th Floor
New York, NY 10022
(212) 939-9539

To: Clerk of the District Court
Southern District of New York
AUSA Micah Fergenson
AUSA Michael Herman
AUSA Robert Sobelman

Application granted in part. Proposed *voir dire* questions, jury instructions and verdict forms shall be due by December 23, 2022 and any responses to those items by December 30, 2022. Any i*n limine* motions shall be due by December 30, 2022 and any responses by January 6, 2023.

SO ORDERED.

_____
Ronnie Abrams, U.S.D.J.
December 14, 2022

3