```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
                                                       :
     UNITED STATES OF AMERICA                          :
                                                       :
                    v.                                 :     S4 22 Cr. 91 (RA)
                                                       :
     BILLY ORTEGA,                                     :
          a/k/a "Jason,"                               :
                                                       :
                    Defendant.                         :
                                                       :
-------------------------------------------------------X
```

## **THE GOVERNMENT'S PROPOSED EXAMINATION OF PROSPECTIVE JURORS**

Pursuant to Rule 24(a) of the Federal Rules of Criminal Procedure, the Government respectfully requests that the Court include the following questions in its examination of prospective jurors.

The Court is requested to pursue more detailed questioning if a particular juror's answer reveals that further inquiry is appropriate and, in such an instance, to conclude with an inquiry into whether the particular fact or circumstance would influence the juror in favor of or against either the Government or the defendant, or otherwise affect the juror's ability to serve as a fair and impartial juror in this case. To the extent that any further inquiry in response to a juror's answer to any of the questions below is likely to lead to personal or sensitive information or information that may risk influencing the jury pool in favor of or against either the Government or the defendant, the Court is respectfully requested to conduct any such further inquiry at the bench or in the robing room.

A.      **Overview**

This is a criminal case. The defendant on trial, BILLY ORTEGA, has been charged with the commission of federal crimes in an Indictment filed by a grand jury sitting in this district. The Indictment is not evidence. It simply contains the charges that the Government is required to prove beyond a reasonable doubt.

The Indictment charges the defendant with five crimes, also known as counts. Counts One, Two, Three, and Four charge the defendant with participating in a narcotics conspiracy from at least in or about 2015, up to and including in or about February 2022, to distribute and possess with intent to distribute three controlled substances: cocaine, fentanyl, and acetylfentanyl, and with the substantive offenses of distributing those drugs to three particular individuals on or about March 17, 2021. Counts One, Two, Three, and Four also allege that the drugs that the defendant distributed or caused to be distributed on or about March 17, 2021, resulted in the deaths of those three individuals: Julia Ghahramani, Amanda Scher, and Ross Mtangi.

Count Five charges the defendant with use and carrying of a firearm during and in relation to, or possessing a firearm in furtherance of, the narcotics conspiracy charged in Count One, during the time period of in or about 2018 through in or about February 2022.

B.      **General Questions**

1. This trial is expected to last approximately a week and a half to two weeks. Do you have any commitments that would interfere with your serving as a juror at a trial that is expected to end on or before Friday, January 27, 2023?
2. Do you believe that you have personal knowledge of the charges contained in the Indictment as I have described it?

3. Do you have any ideas or prejudices that would make it difficult for you to follow my instructions as to the law?

4. Do you have any doubt that you will be able to apply the law as I explain it, even if you disagree with it?

5. Would you have any problem following my instruction that a defendant in a criminal case is presumed innocent, and that the burden of proof remains at all times with the Government to prove the defendant guilty of each charge against him or her beyond a reasonable doubt?

6. Would you have any problem following my instruction that an indictment is only an accusation, and that the fact that an individual has been indicted of one or more offenses does not mean that that individual is guilty of any offense?

7. Would you have any problem following my instruction that a defendant in a criminal case is under no obligation to present any evidence at trial?

8. Would you have any problem following my instruction that neither sympathy nor prejudice may enter into your deliberations, and that only the evidence introduced here in Court may be used by you to determine whether the Government has proven beyond a reasonable doubt that the defendant is guilty of the charges in the Indictment?

9. During the trial, you may learn about the potential penalties associated with narcotics and firearms offenses, including a substantial prison sentence. Would you have any problem following my instruction that the question of punishment is for the Court alone to decide, and that any possible punishment must not enter into your deliberations as to whether the defendant is guilty or not guilty of the charge in the Indictment?

10. Would you have any problem following my instruction that agreeing to commit a crime is itself a crime, that the agreement itself is prohibited, and that it does not matter if the defendant or his or her co-conspirators actually completed the crime that was the object of the conspiracy?

11. Do you have any religious or ethical beliefs that would prevent you from passing judgment on another person?

12. Do you believe that — for reasons that have nothing to do with the law or the evidence — you might be reluctant to render a verdict of guilty?

13. Do you believe that — for reasons that have nothing to do with the law or the evidence — you might be reluctant to render a verdict of not guilty?

**C.   Knowledge of the Trial Participants**

14. The defendant in this case is Billy Ortega.  Do you know, or have you had any dealings, directly or indirectly, with the defendant, or with any relative, friend, or associate of his?

15. The defendant is represented at trial by attorneys Dawn Florio, B. Alan Seidler, and Declan Murray.  Do you know any of the defendant's attorneys?  Have you, or has anyone close to you, had any dealings, directly or indirectly, with them?

16. The Government is represented here by the United States Attorney for the Southern District of New York, who is Damian Williams.  The conduct of the trial will be in the immediate charge of Assistant United States Attorneys Micah Fergenson, Michael Herman, and Robert Sobelman.  They will be assisted by paralegal Christine Woods.  Do you know Mr. Williams or any of the members of the Government's trial team in this case?  Have you, or has anyone close to you, had any dealings, directly or indirectly, with any of them?

17. The prosecutors will also be assisted in this case by Susan Ruiz of Homeland Security Investigations (or "HSI").  Do you know Special Agent Ruiz?  Have you, or has anyone close to you, had any dealings, directly or indirectly, with her?

18. I will now read a list of names of individuals and locations who may be mentioned during the trial, or who may be witnesses in this case:

   a. *[List to be provided]*

    **19.**    Do any of you know any of those people or locations? Have you had any dealings, directly or indirectly, with any of them? To your knowledge, have any of your relatives, friends, or associates had any dealings with them?

**D.**    **Prior Juror Experiences**

    20.    Do you know, or do you have any association — professional or social, direct or indirect — with anyone employed at the United States Attorney's Office for the Southern District of New York, HSI, the Drug Enforcement Administration (or "DEA"), the New York City Police Department (or "NYPD"), or the Office of the Chief Medical Examiner of the City of New York? Have you, or has anyone close to you, been employed by any law enforcement agency or prosecuting office, whether federal, state, or local?

    21.    Have you, either through any experience you have had or anything you have seen or read, developed any bias, prejudice, or other feelings for or against the United States Attorney's Office for the Southern District of New York, the NYPD, DEA, HSI, or any other law enforcement agency?

    22.    Have you, or has anyone close to you, either professionally or personally, ever been a party to any legal action or dispute with the United States, or with any of the officers, departments, agencies, or employees of the United States, including the DEA or HSI?

    23.    Have you, or has anyone close to you, either professionally or personally, ever been a party to any legal action or dispute with the NYPD or any of its officers?

    24.    Have you ever served as a member of a grand jury in any court? If so, when and where did you serve?

    25.    Have you ever served as a juror in any court? If so, when and where did you serve, and was it a civil or criminal case? Without saying what it was, did the jury reach a verdict?

    26.    Have you, or has anyone close to you, ever been involved or appeared as a witness in any investigation by a federal or state grand jury, or by a Congressional or state

      legislative committee, licensing authority, or governmental agency? Have you, or has anyone close to you, ever been questioned in any matter by a federal, state, or local law enforcement agency?

27. Have you ever been a witness or a complainant in any federal or state prosecution?

28. Are you, or is anyone close to you, now under subpoena or, to your knowledge, about to be subpoenaed in any criminal case?

29. Have you, or has anyone close to you, ever been the subject of any investigation or accusation by any federal or state grand jury, or by a Congressional committee?

30. Have you, or has anyone close to you, ever been charged with a crime? What crime?

31. Have you, or has anyone close to you, ever been the victim of a crime? What type of crime?

E. **Ability to Render a Fair and Impartial Verdict**

32. During the trial, you will hear evidence concerning illegal drugs. Does the fact that the charge in this case involves illegal drugs, and specifically cocaine, fentanyl, and acetylfentanyl, affect your ability to render a fair verdict?

33. Do you believe that it should not be a crime for a person to possess or sell illegal drugs, including cocaine, fentanyl, and acetylfentanyl, or that the laws governing this crime should not be enforced?

34. Does the fact that this case involves allegations that three individuals overdosed and died from use of illegal drugs affect your ability to render a fair verdict?

35. Would you have any problem following my instruction that the law permits a defendant to be found guilty of a narcotics offense, assuming all the elements of the crime are proven beyond a reasonable doubt, where the defendant intended to distribute one drug, such as cocaine, but actually distributed another drug or a mixture that contained another drug, such as fentanyl or acetylfentanyl?

36. Would you have any problem following my instruction that a defendant may be held responsible for causing another person's death through distributing illegal drugs to that person even if that defendant did not intend to cause the other person's death?

37. Do you have any opinion about the enforcement of the federal drug laws generally that might prevent you from considering the evidence in this case with an open mind or from following my instructions on the law?

38. Have you, or has anyone close to you, ever lobbied, petitioned, or worked in any other manner for or against any laws or regulations relating to controlled substances, including, but not limited to, cocaine, fentanyl, and acetylfentanyl? If so, when and what did you do?

39. Do you have an opinion or a belief that drugs like cocaine, fentanyl, and acetylfentanyl should be legalized or that those involved with illegal drugs should not be prosecuted?

40. Have you, or has anyone close to you, ever been involved — as defendant, victim, or any other way — in a case involving illegal drugs?

41. Have you, or has anyone close to you, had any personal experience (for example, addiction, rehabilitation, or a family member who suffered from an addiction or rehabilitation) with any drugs — including but not limited to cocaine, fentanyl, and acetylfentanyl — that would make it difficult for you to consider the evidence in this case with an open mind or to follow my instructions on the law?

F.   **Law Enforcement Witnesses and Techniques**

42. The Government witnesses in this case may include law enforcement agents from, among other agencies, the NYPD, DEA, and HSI. Would you be more likely, or less likely, to believe a witness merely because he or she is a law enforcement officer?

43. Would you have any problem accepting my instruction that the testimony of a law enforcement officer should be evaluated by you just as you would evaluate the testimony of any other witness?

44. You also may hear testimony from expert witnesses. Have any of you had any experiences with experts, or do you have any general feelings about the use of experts, that would make it difficult for you to render a wholly fair and impartial verdict?

45. Do you have any expectations about the types of evidence that the Government should or will present in this criminal trial, or in a criminal trial more generally? Would you have any difficulty accepting my instruction that the Government is not required to use any particular investigative techniques in presenting evidence of a crime?

46. Some of the evidence admitted at trial may come from searches performed by law enforcement officers. Would you have any problem following my instruction that those searches were legal and the evidence obtained from those searches is admissible in this case? Do you have any feelings about the use of evidence obtained by law enforcement through searches that would affect your ability to consider the evidence in this case with an open mind or to follow my instructions on the law?

47. You may hear testimony in this case from one or more cooperating witnesses — that is, witnesses who at one time were involved in illegal activity, but who have now entered into agreements with the Government to testify at this trial in the hope of receiving a lower sentence or avoiding prosecution. Would you have any problem following my instruction that the use of such cooperating witnesses is lawful and proper as a law enforcement tool? Do you have any experience with or feelings about the use of cooperating witnesses generally, or the use of evidence or information obtained from cooperating witnesses, that would make it difficult for you to consider the evidence in this case with an open mind or to follow my instructions on the law? Would you have any bias for, or against, the Government because of evidence obtained in this manner?

48. The defendant is charged with acting with others in committing the crime with which he is charged. Those other individuals are not on trial in this case. You may not draw any inference, favorable or unfavorable, towards the Government or the defendant from

that fact. You also may not speculate as to the reason why other persons are not on trial at this time. Do you have any problem following my instructions regarding individuals not on trial? Would the fact that other individuals who may have been involved in committing the alleged crime are not on trial make it difficult for you to consider the evidence in this case with an open mind or to follow my instructions on the law?

### G. Other Questions

49. Do you have any problems with your hearing or vision that would prevent you from giving full attention to all of the evidence at this trial?

50. Are you taking any medication, or do you have any medical condition, that would prevent you from giving full attention to all of the evidence at this trial?

51. Do you have any difficulty in reading or understanding English?

52. In these questions, I have tried to direct your attention to possible reasons why you might not be able to sit as a fair and impartial juror in this case. Apart from any prior questions, do you have the slightest doubt in your mind, for any reason whatsoever, concerning your ability to serve conscientiously, fairly, and impartially in this case, and to render a true and just verdict without fear, favor, sympathy, bias, or prejudice — and according to the law as it will be explained to you?

### H. Juror's Background

53. Please state your name and county of residence. Please list each county of residence during the past 10 years.

54. How old are you?

55. Where were you born?

56. What languages do you speak?

57. What is your educational background, including the highest degree obtained?

58. Have you served in the military?

59. What do you do for a living?

60. Who is your employer, and where are they located?  *(If retired or unemployed, please describe your last employment.)*

61. How long have you been employed in your current position?  If fewer than five years, where else did you work in the last five years?

62. Who are the members of your household and for whom do they work?

63. Do you have children?  How old are they?  If you have grown children, for whom do they work?

64. How do you get your news?

65. What newspapers and magazines do you read on a regular basis?

66. What television shows do you watch on a regular basis?

67. Do you watch "Law and Order," "CSI," or other police dramas?

68. What websites do you visit on a regular basis?

69. To what associations, organizations, or clubs to you belong?

70. What do you like to do in your spare time?

Dated: New York, New York
December 23, 2022

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney
Southern District of New York

By: _____/s/_____
Micah F. Fergenson
Michael R. Herman
Robert B. Sobelman
Assistant United States Attorneys
(212) 637-2190/2221/2616