UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
UNITED STATES OF AMERICA

                                                    **PROPOSED VOIR DIRE**

      -against-                                                     **IND# 22-CR-091-S4 (RA)**

**BILLY ORTEGA,**

Defendant.
------------------------------------------------------------------X

Your Honor,

**PRELIMINARY STATEMENT**

    Defendant Billy Ortega submits this Proposed Voir Dire pursuant to the schedule set by the Court on December 14, 2022:

1. What is your city, town or village, borough, and county of residence?

2. How long have you lived at that residence? If it is less than five years where did you live before that?

3. How far did you go in school? What was your major/degree?

4. What is your occupation? Who is your employer and where do you work? How long have you had that job? What previous jobs have you had? If retired, what positions did you hold before retirement?

5. Are there any other adults in your household? If so, what do they do, where do they work, and how long have they worked there? If retired what did they do prior to retirement?

6. Do you have children? How old are they? If grown, what do they do, where do they work, and how long have they worked their?

7. Have you, or has any member of your immediate family, served in the armed forces? If so, what branch, when, and what were you or your relative's duties?

8. Do you belong to any business, civil, or social clubs, or organizations? If so which ones?

9. Which publications do you regularly read? To which radio stations and television shows do you regularly tune in?

10. Do you watch any crime, police, or law tv shows such as Law & Order, Criminal Minds, or the Lincoln Lawyer? If so do you understand that the system does not work the way it does on TV, and that is it my instructions that must be followed, not your perceptions of how the system does or should work?

11. Now I am going to introduce you to the Parties and their lawyers. As you have already heard the Defendant is Billy Ortega. He is represented by Dawn Florio and Declan Murray, as well as by Alan Seidler. The Government is represented here, as it is in all cases where it is a party before this Court, by the United States Attorney for the Southern District of New York, Damian Williams. This trial will be in the immediate charge of Assistant United States Attorneys Micah Fergenson, Michael Herman, and Robert Sobelman they will be assisted by Christine Woods, a paralegal specialist in their office. Do you know or know about any of the parties or their attorneys, or have you had any dealings – personal or business – with them? To your knowledge, have any of your close friends or relatives ever been employed by or had dealings – personal or business – with any of the parties, the attorneys, or the attorneys' offices?

12. I have briefly listed a group of individuals who may be involved or mentioned in this trial, do you know or know of any of these individuals?

13. This case will involve the testimony of government and law enforcement witnesses. The testimony of a government or law enforcement witness is not to be given any more or less weight because they are a government employee or member of law enforcement, are you able to promise that you would not give their testimony more or less weight on that basis?

14. I have given you preliminary instructions on the law and your role as jurors, do you have any unwillingness or hesitation about your ability to follow those instructions?

15. As jurors your job is to apply the law as I explain it to you, even if you disagree with it, will you be able to apply the law as I explain it to you even if you do disagree with that law?

16. Do you have any personal knowledge of the charges in the Indictment?

17. Have you seen, heard, or read anything about the indictment? If so is there anything you have seen, heard, or read that would cause you to feel like you cannot serve fairly and impartially in this case?

18. Have you or a close friend or family member, ever overdosed on drugs? Would that process prevent you from being fair or make it difficult to sit as a juror in this case?

19. Has a close friend or family member ever died from a drug overdose? Would that process prevent you from being fair or make it difficult to sit as a juror in this case?

20. Have you or a close friend or family member ever been the victim of a crime? Would that process prevent you from being fair or make it difficult to sit as a juror in this case?

21. Have you or a close friend or family member ever been charged with a crime? Would that process prevent you from being fair or make it difficult to sit as a juror in this case?

22. Have you ever served on a jury before? Civil or criminal? State or federal? How long ago? Without telling us what the verdict was did you reach a verdict? Is there anything about that experience that gives you pause about sitting as a juror in this case?

23. As I mentioned the charges in this case include conspiracy to distribute and possess with intent to distribute narcotics resulting in death, distribution of narcotics relating in death, and possession of a firearm is there anything about the nature of these crimes that would cause you to be unable to render a fair verdict in this case?

24. The allegations in this case are that the Defendant distributed narcotics that resulted in the death of three individuals. As such there will likely be evidence presented in this case that includes descriptions or images of individuals who are deceased. Is there anything about that fact that makes you feel that you would be unable to serve as a fair and impartial juror in this case? Not just that hearing these descriptions or seeing these images may make you uncomfortable, but that they would cause you to be unable to render a fair verdict in this case.

25. This case is prosecuted by the United States Attorney's Office for the Southern District of New York and investigated, at least in part, by the Federal Bureau of Investigation and the New York City Police Department, have you or a close friend or family member ever worked for or been associated with one of these agencies? Would anything about that work or association would cause you to be unable to render a fair verdict in this case?

26. Have you or a close friend or family member ever held a position at a law enforcement agency or the courts? If so when and in what capacity? If so would anything about that work cause you to be unable to render a fair verdict in this case? Would it lead you to give more or less weight to the testimony of a government or law enforcement witness?

27. Have you or a close friend or family member ever had a notably positive or notably negative experience with law enforcement? Would anything about that experience cause you to be unable to render a fair verdict in this case? Would it lead you to give more or less weight to the testimony of a government or law enforcement witness?

28. Do you, in the course of your employment or otherwise, ever have dealings with law enforcement or court personnel? If so, what types of dealings? Would anything about those dealings prevent you from being a fair and impartial juror in this case?

29. Have you, through some experience or in any other way, developed a bias or strong feeling for or against the United States Government, United States Attorney's Office, Federal Bureau of Investigation, any federal, state, or local law enforcement or government agent, or the criminal justice system generally?

30. You may hear evidence that other individuals were involved in the alleged crimes with which the Defendant is charged. Those other individuals are not on trial here. You may not draw any inference, favorable or unfavorable, towards the Government or the Defendant from that fact. Would you have any difficulty following this instruction or would this fact make it difficult for you to render a fair and impartial verdict?

31. Every defendant is presumed innocent and the burden of proof is always on the Government to prove each charge beyond a reasonable doubt. Would you have any difficulty accepting and following these rules?

32. The Defendant is not required to testify, he has a right not to. If the Defendant does not testify you may not draw any negative inference against him. If the Defendant does testify you are to assess his credibility the way you would assess the credibility of any other witness. Would you have any trouble following this instruction? Would you have any trouble finding a defendant not guilty if you had not heard from them?

33. The Defendant is not required to produce evidence, the burden of proof is on the Government. The fact that the Defendant does not produce evidence cannot be held against him in any way. Would you have difficulty following this rule? Would you have any difficulty finding the Defendant not guilty if he did not produce evidence?

34. While the Defendant is not required to produce evidence if the Defendant does produce evidence or put on a case the burden of proof remains with the Government. It never shifts to the Defendant. Would you have difficulty following this instruction?

35. It is anticipated that one of the witnesses in this case will be a cooperating witness. That is an individual who has entered into an agreement with the Government to provide testimony against Billy Ortega in exchange for some benefit. Would you be able to listen to and evaluate the testimony of a cooperating witness based upon my instructions? Or does anyone feel that they would not be able to fairly evaluate the testimony of a cooperating witness?

36. Have you or a close friend or family member, either as an individual or in the course of business, ever been party to any legal action or dispute with the United States Government, or with any of the officers, departments, agencies, or employees of the United States Government, including the FBI or Department of Homeland Security? Have you had any legal, financial, or other interest in any such legal action or dispute, or its outcome? Would anything about that experience prevent you from being a fair and impartial juror in this case?

37. Have you, or has any close friend or relative, ever been a plaintiff, a defendant, a complainant, or a witness in a state or federal court case, whether civil or criminal? If so, what kind of case? What was your, or your relative or friend's, involvement? Is there anything about that experience that might make it difficult for you to be fair and impartial in this case?

38. Have you, or has a close friend or relative, ever been involved or appeared as a witness in any investigation by a federal or state grand jury, a Congressional or state legislative committee, a licensing authority, a commission or organization, or a governmental agency, or been questioned in any matter by a federal, state, or local law enforcement agency? If so, what were the circumstances? Is there anything about that experience that might make it difficult for you to be fair and impartial in this case?

39. Are you, or is a relative or close friend, now under subpoena or, to your knowledge, about to be subpoenaed in any civil or criminal case? If so, what are the circumstances?

40. Have you, or has a close friend or family member, ever studied or practiced law, or worked in a law office? If so, have you, or has the close friend or relative, worked on any criminal matters? Is there anything about that experience that might make it difficult for you to be fair and impartial in this case? If you are selected for this jury, you are to decide the case according to the law as I explain it, and not according to what you think the law should be, or what you might have learned in the course of your employment or education; would you have difficulty following that instruction?

41. If the Government establishes guilt beyond a reasonable doubt, would you be reluctant, for reasons unrelated to the law and the evidence, to render a guilty verdict?

42. If the Government does *not* establish guilt beyond a reasonable doubt, would you be reluctant, for reasons unrelated to the law and the evidence, to render a *not* guilty verdict?

43. The function of the jury is to decide questions of fact. As a juror, you are the sole judge of the facts and nothing that the Court or the attorneys say or do may intrude in any way on your role as the exclusive fact finder. However, when it comes to the law, you are to take your instructions from the Court and you are bound by those instructions. You may not substitute your ideas of what the law is or what you may think the law should be. You are to keep an open mind during the case and at the conclusion of the case, your job will be to determine whether or not the Government has proven that the Defendant is guilty as charged in the Indictment. Is there anything that might prevent or hinder you from accepting and following the instructions of law that I will give you in this case?

44. Do you have any problem with your hearing or vision that would prevent you from giving attention to all of the evidence at this trial?

45. Do you have any medical problem, are you taking any medication, or do you suffer from any condition that might interfere with your service as a juror in this case or make it difficult for you to give the case your full attention?

46. Do you have any difficulty understanding or reading English?

47. Do you have any reservations about discussing your opinions with other people or about sitting in judgment of others?

48. Do you have any religious, philosophical, or other beliefs or biases that would make you unable to render a verdict for reasons unrelated to the law and the evidence?

49. I have laid out the anticipated length of the trial, does this schedule conflict with any already made plans such as a vacation for which you already have purchased tickets?

50. Would serving on this jury cause a financial hardship?

51. I have tried to direct your attention through my questioning to possible reasons why you might not be able to sit as a fair and impartial juror. But only you know whether there is some other matter that I did not mention that I should have asked about. I am going to ask you to take your own knowledge of yourself, including your beliefs and attitudes, and then put yourself in the position of the lawyers, the Court, and the parties. If you were sitting in the place of the lawyers, the Government, or the Defendant, or if you were in my place, is there any reason why you think a juror like yourself could not be fair and impartial in this case? Can you think of any other matter we have not covered that may have some bearing on your qualifications or fairness as a juror? Do you have any doubt as to your ability to serve conscientiously, fairly, and impartially in this case and to render a true and just verdict, according to the law and the evidence?

52. Is there anything that has not been mentioned that you feel would prohibit you from following my instructions or sitting as a fair and impartial juror in this case?