UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------ x
                                                                               :

UNITED STATES OF AMERICA         :

         - v. -                       :          S4 22 Cr. 91 (RA)

BILLY ORTEGA,                       :
      a/k/a "Jason,"                  :

                Defendant.          :
------------------------------------------------------ x

# GOVERNMENT'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTIONS *IN LIMINE*

                                          DAMIAN WILLIAMS
                                          United States Attorney
                                          Southern District of New York

Micah F. Fergenson
Michael R. Herman
Robert B. Sobelman
Assistant United States Attorneys

- Of Counsel -

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................. 1

ARGUMENT .................................................................................................................................. 1

I.      Ortega's Motion Regarding CW-1 Should be Denied .......................................................... 1

II.     Ortega's Motion to Prohibit the Government from Introducing Prior Bad Acts Evidence under Rule 404(b) Beyond the 404(b) Notice Should be Denied as Moot .......................... 5

III.    Ortega's Motion to Preclude Evidence that Drayton Pled Guilty Should be Denied as Moot 6

CONCLUSION................................................................................................................................ 6

i

## PRELIMINARY STATEMENT

The Government respectfully submits this memorandum of law in opposition to defendant Billy Ortega's motions *in limine*. (Dkt. No. 87 ("Def Mot.").) Ortega's motions should be rejected in their entirety. First and foremost, Ortega's vague request to question a cooperating witness ("CW-1") about highly prejudicial, irrelevant, and misleading allegations concerning supposed specific acts of untruthfulness at the Metropolitan Detention Center ("MDC") should be rejected and such questioning should be precluded. Ortega's other arguments—concerning Rule 404(b) notice and the fact of co-defendant William Drayton's guilty plea—should be denied as moot. Accordingly, the defendant's motions *in limine* should be denied in full.

## ARGUMENT

**I.     Ortega's Motion Regarding CW-1 Should be Denied**

Ortega's motion relating to CW-1 should be denied. While the relief sought in the motion is not clear, Ortega appears to seek two rulings relating to CW-1. He requests that the Court permit "defense counsel to inquire into matters related to" (1) "the medical status of [CW-1] under Federal Rule[ ] of Evidence (FRE) 608" and (2) CW-1's "actions within the Metropolitan Detention Center (MDC) under FRE 608 and 404." (Def. Mot. 1). Specifically, Ortega seeks to cross examine CW-1 on allegations that while at the MDC, CW-1 has engaged in prostitution ▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮ and that CW-1 has distributed "narcotics, including drugs laced with fentanyl." (*Id.* at 2). Additionally, Ortega asserts that he intends to call an MDC inmate named Jonathan DeLaura as "a rebuttal witness," while not citing any legal basis for such testimony, nor even requesting a ruling from the Court on its propriety. (*Id.* at 1).

Ortega's motion is confused and meritless. Assuming there is a good-faith basis for the questioning, defense counsel may properly ask a cooperating witness whether that witness violated his or her cooperation agreement by committing additional crimes. But that is not what Ortega's

1

motion, on its face, seeks permission to do.  Rather, Ortega seeks to insert highly prejudicial and inflammatory allegations that he asserts—through, at best, strained reasoning—go to truthfulness.  That sham reasoning does little to obscure the real reason Ortega seeks to make such inquiries: to cast CW-1 in a bad light through highly prejudicial and inappropriate cross.  Accordingly, this Court should preclude such questioning under Rules 608, 611, and 403 as explained below.

As an initial matter, to the extent Ortega intends to call DeLaura in order to testify about the purported conduct by CW-1 discussed in his motion, such testimony is prohibited by Rule 608.[1]  Indeed, Rule 608(b) provides that "extrinsic evidence is not admissible to prove specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness."  To be sure, the scope of cross examination is subject to different rules.  Rule 608 provides that a "court *may*, on cross-examination, allow" inquiry into specific instances of a witness's conduct "if they are probative of the character for truthfulness or untruthfulness of . . . the witness."  Fed. R. Evid. 608(b)(1) (emphasis added); *see also* Fed. R. Evid. 611(b) ("cross-examination should not go beyond the subject matter of the direct examination and matters affecting the witness's credibility").  Here, Ortega has not shown that his cross-examination topics

---

[1] In addition, DeLaura's testimony would raise serious concerns under Rule 403.  DeLaura is a sex offender facing charges in this District for various child sex offenses.  *See United States v. DeLaura*, 12 Cr. 812 (KMK).  DeLaura previously pleaded guilty in that case in 2013, and was sentenced to 420 months' imprisonment in 2014 by Judge Karas; earlier this year, however, his conviction was vacated without opposition based on *Curcio*-related issues.  *See id.*, Dkt. No. 136. As set forth in the Government's original sentencing submission in that case, DeLaura committed his sexual abuse through deception and manipulation.  *See id.*, Dkt. 33.  The fact that, were DeLaura to testify, these matters, as well as DeLaura's bias arising from his case and his dealings with the U.S. Attorney's Office and law enforcement, would be ripe for cross-examination, further counsels in favor of denying the defendant's motion to avoid a confusing and distracting trial-within-a-trial.

are proper under Rule 608 and Rule 611, nor that such inquiries pass the balancing tests for admissibility set forth in Rule 403.

First, Ortega's cross examination topics do not concern acts of dishonesty; neither prostitution nor drug distribution are acts of dishonesty reflecting on truthfulness.[2] Second, and importantly, the Government expects that, if asked, CW-1 will flatly deny that he has engaged in prostitution or distributed drugs in the MDC. To the extent Ortega has a good-faith basis to question CW-1 on whether he committed additional crimes after entering into a cooperation agreement—wherein CW-1 agreed, among other things, not to commit further crimes—such cross-examination would be proper. But Ortega's motion, on its face, does not seek to do that. Moreover, even assuming Ortega will seek to cross CW-1 for that permissible purpose, once CW-1 denies that he committed *any* crimes at the MDC, Ortega should be precluded from asking highly prejudicial and inflammatory follow-on questions about the supposed details of alleged crimes that CW-1 will have just testified never actually occurred. The probative value of such follow-on questions is—if not entirely non-existent—negligible, while the risk of unfair prejudice is overwhelming given the inflammatory nature of these irrelevant questions. See Fed. R. Evid. 403. In particular, such follow-on questions would be intended not to probe the witness's truthfulness (as Ortega's tortured logic striving to connect the allegations to truthfulness shows, (*see* footnote 1, *supra*)), but simply to cast the witness in a bad light. The proposed inquiries seek to mislead

---

[2] Ortega merely asserts that ▮▮▮▮▮▮▮▮▮▮ while engaging in prostitution is dishonest. He cites no authority whatsoever that it is probative of character of truthfulness under Rule 608. For example, he does not cite any authority that, for purposes of construing Rule 608, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ such that failing to do so constitutes specific conduct probative of truthfulness. Similarly, Ortega argues drug distribution is admissible (seemingly under Rule 608, though he cites no authority) by claiming that drug distribution shows CW-1 "puts his interest above those of society." (Def. Mot. 2). But that might be said about any purported bad act—and, more to the point, has nothing to do with truthfulness.

the jury that CW-1 has ▮▮▮▮▮▮▮▮▮▮▮▮▮▮ for financial gain and has distributed fentanyl-laced drugs even after knowing that he had distributed the fentanyl-laced drugs that caused the three fatal poisonings in this case. This Court should exercise its "wide latitude" to preclude such questioning. *Delaware v. Van Arsdall*, 475 U.S. 673, 679 (1986); *see, e.g.*, *United States v. Galanis*, 844 F. App'x 400, 403 (2d Cir. 2021) (affirming this Court's precluding the cross examination of a witness about having issued "payday loans" because "[t]he excluded questions would have served no purpose but to cast the victims of the charged crime in an unfavorable light based on irrelevant matters"); *United States v. Scotti*, 47 F.3d 1237, 1248 (2d Cir. 1995) (affirming preclusion of cross-examination regarding witness's ▮▮▮▮▮ because of, among other reasons, "the risk that a juror might impermissibly discredit [the witness] solely because of his ▮▮▮▮▮"); *United States v. Scotti*, 47 F.3d 1237, 1248 (2d Cir. 1995) (affirming preclusion of cross-examination of witness regarding drug habits and financial dealings of other witnesses because such inquiry "runs afoul of the rule against introduction of extrinsic evidence of prior bad acts" (citing Fed. R. Evid. 608(b)); *United States v. Pena*, 978 F. Supp. 2d 254, 266 (S.D.N.Y. 2013) (precluding cross-examination of cooperating witnesses regarding violent acts toward women since these acts did speak to the reliability or credibility of the witnesses); *United States v. Crown*, No. 99 Cr. 1044 (AGS), 2000 WL 709003, at *3 (S.D.N.Y. May 31, 2000) (precluding reference to ▮▮▮▮▮ at trial because, "even if the ▮▮▮▮▮ evidence were probative of a material proposition, the Court finds that its probative value would be outweighed by its potential prejudicial effect on the jury" (citing Fed. R. Evid. 403)).

Moreover, setting such reasonable limits is particularly appropriate for cross-examination of CW-1, as there is generally extensive cross examination of cooperating witnesses at trial. *See United States v. Roldan-Zapata*, 916 F.2d 795, 806 (2d Cir. 1990) ("Cross-examination is not

improperly curtailed if the jury is in possession of facts sufficient to make a discriminating appraisal of the particular witness's credibility."). For instance, Ortega will be able to cross-examine CW-1 about CW-1's guilty plea in connection with his cooperation agreement with the Government, as a result of which, CW-1 is subject to a maximum potential sentence of life imprisonment along with a mandatory minimum sentence of 25 years' imprisonment, five years of which must be served consecutively to any other sentence. CW-1's sentencing exposure provides ample fodder for cross-examination of CW-1's credibility and potential bias. *See United States v. Flaharty*, 295 F.3d 182, 191 (2d Cir. 2002) (affirming preclusion of cross-examination of cooperating witness regarding allegations of criminal conduct unrelated to his credibility and noting that "there was ample other material through which defendants could test [the cooperator's] credibility and expose any bias"). Accordingly, Ortega's motion should be denied.

## II. Ortega's Motion to Prohibit the Government from Introducing Prior Bad Acts Evidence under Rule 404(b) Beyond the 404(b) Notice Should be Denied as Moot

Ortega requests that the Court rule that the Government be "prohibited from introducing evidence of any prior bad acts that have not been noticed." (Dkt. No. 87 at 2). This motion should be denied as moot. The Government has provided a proper Rule 404(b) notice and does not currently intend to offer Rule 404(b) evidence beyond that notice, but will supplement or revise that notice if appropriate. Ortega's motion should thus be denied as moot.

Rule 404(b) requires that the Government provide "reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown" of its intent to use evidence of other crimes, wrongs, or bad acts. Fed. R. Evid. 404(b). The Rule specifies that the Government need only provide "the general nature of any such evidence." *Id.* Rule 404(b), however, sets no minimum time for action by the Government, nor would any time limit be appropriate, because the evidence the Government wishes to offer may change as the proof and potential defenses

5

crystallize. *See United States v. Allums*, 97 Cr. 267 (HS), 1997 WL 599562, at *1 (S.D.N.Y. Sept. 25, 1997) ("The Government has agreed to produce this material in time so that the defense may have an opportunity to challenge their admission; this is all that is required with respect to Rule 404(b) evidence."); *United States v. Helbrans*, 547 F. Supp. 3d 409, 437–38 (S.D.N.Y. 2021) (same). Accordingly, while the Government does not currently intend to offer Rule 404(b) evidence beyond the topics previously noticed, there is no basis for the Court to preclude the Government from modifying or noticing new Rule 404(b) evidence, if it deems appropriate. Indeed, Ortega cites no legal authority to support his abstract request to preclude evidence that has not yet been identified.

**III.     Ortega's Motion to Preclude Evidence that Drayton Pled Guilty Should be Denied as Moot**

The Government does not intend to elicit evidence that co-defendant William Drayton has pled guilty. Accordingly, Ortega's motion on this point should also be denied as moot.

## CONCLUSION

For the foregoing reasons, the defendant's motions *in limine* should be denied.

Dated:   New York, New York
         January 6, 2023

                                        Respectfully submitted,

                                        DAMIAN WILLIAMS
                                        United States Attorney

                              By:       /s/
                                        Micah F. Fergenson
                                        Michael R. Herman
                                        Robert B. Sobelman
                                        Assistant United States Attorneys
                                        (212) 637-2190/2221/2616