UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
UNITED STATES OF AMERICA

                                                                 **MEMORANDUM IN SUPPORT OF MOTION IN LIMINE**

      -against-                                                IND# 22-CR-091-S4 (RA)

**BILLY ORTEGA,**

Defendant.
------------------------------------------------------------------X

Your Honor,

**PRELIMINARY STATEMENT**

      Defendant BILLY ORTEGA submits these responses to Motions in Limine pursuant to Federal Rules of Criminal Procedure Rule 12, on the schedule set by the Court. Pursuant to Federal Rule of Criminal Procedure 12, and for the reasons set forth in the memorandum, the Defendant hereby moves for an order:

1. Precluding evidence that the Defendant owed child support as it is more prejudicial than probative.
2. Precluding evidence that the Defendant allegedly made misrepresentations to a bank as they are not relevant, not admissible under Federal Rules of Evidence (FRE) Rule 404(b), and more prejudicial than they are probative.
3. Precluding evidence that the Defendant allegedly had another individual attempt to obtain car insurance for him.
4. Denying the Government's Motion III in part.

**A. The Government Should be Precluded from Presenting Evidence that the Defendant owed Child Support**

      The Government, in their motions, have stated that they intend to introduce evidence that Billy Ortega owed child support as identity evidence demonstrating that the Defendant is the user of a particular iCloud account and cellphone. This would include a text message associated with a particular iCloud account stating "[w]elp at least we know your phone is working well to forward my calls. We've had multiple conversations about your MINUTE responsibilities when it comes to [name of apparent minor child] and you have yet to get a grasp on it. I mean WTF IS REALLY WRONG WITH YOU BILLY ORTEGA?"

The evidence of back child support should be precluded as it is significantly more prejudicial than it is probative. As a first matter the mention of the owing of child support has no probative value because it is not probative of anything that the text itself, which refers to Billy Ortega by his full legal name, does not answer. The situation would be different if the text referred to Mr. Ortega by a nickname, first name, or did not contain any name at all. In that instance the evidence of back child support would likely be probative to associate that text with Billy Ortega. However in this case the text explicitly states the full name of the intended recipient. Given that mentioning that Mr. Ortega owed child support serves no other purpose than painting the Defendant as a bad person.

The Government cites to United States. V. Roldan–Zapata, 916 F.2d at 804, to state that these allegations are not "more sensational or disturbing than the crimes" for which Mr. Ortega stands trial, this argument is unconvincing in this context. The Government has charged Mr. Ortega with causing the deaths of three people, in the context of this type of case a rule that evidence of a prior act cannot be unduly prejudicial so as to preclude admission under FRE 403 if it is not "more sensational or disturbing" than the alleged crimes would allow mention of almost anything. It would use the fact that the allegations are serious as an end run around the protections of FRE 403. In fact it, in essence, reads another requirement into the rule: that the prejudicial effect outweigh the probative value, *and* must, in the context of the case, be something more sensational or disturbing than the alleged conduct. FRE 403 does not mention such a requirement. The question is if the probative value is outweighed by the prejudicial effect, which it most certainly is. Given that this information has minimal probative value, if any, and a significant prejudicial effect it should be precluded under FRE 403.

**B. The Government Should be Precluded from Introducing Evidence that the Defendant Allegedly Made Misrepresentations to a Bank**

In their 404(b) notice and Motions in Limine the Government stated that they wished to introduce evidence that Mr. Ortega allegedly made misrepresentations to a bank about the source of his income and tax liability to "conceal the true source of his income." This evidence is not admissible under FRE 404(b) and should be precluded under FRE 403.

With regards to FRE 404(b) the evidence does not go to show motive, opportunity, intent, preparation, knowledge, absence of mistake, or lack of accident. The fact that the Defendant allegedly attempted to disguise the source of his income has no bearing on those questions as the relate to allegations of narcotics trafficking. Motive is clear from the allegations, this evidence adds nothing related to motive. Opportunity is likewise not impacted by these allegations, they do nothing to show that the Defendant had the opportunity to traffic narcotics. They do not show intent, that is clear from the allegations themselves.

While these actions could theoretically go to show knowledge that is not convincing here. The allegation is not that Mr. Ortega was tangentially involved with narcotics trafficking or conspiracy, it is that he was a main participant in such activity. Were Mr. Ortega to claim that he did not know of the illegal nature of the alleged conspiracy or some similar claim then it would be a different matter, but absent that there is not a clear theory under which this evidence serves to elucidate any of these matters.

The fact that the evidence in question does not actually pertain to any of the factors listed in FRE 404(b) means that it has minimal probative value, if any. The question is if the prejudicial effect of this evidence, which is quite significant, outweighs the probative value. Given the minimal probative value this is the case.

Again the Government cites to Roldan–Zapata, and again this argument is not convincing as made here. The evidence mentioned is of little probative value, but has a significant prejudicial effect. As a result it should be precluded under FRE 403.

### C. The Government Should be Precluded from Introducing Evidence that the Defendant Allegedly had Another Person Attempt to Procure Insurance for his Car

In their 404(b) notice and Motions in Limine the Government stated that they wished to introduce evidence that Mr. Ortega allegedly attempted to get CW-1 to get insurance for Mr. Ortega's car in the name of CW-1, allegedly to hide the ownership of the vehicle. This evidence is not admissible under FRE 404(b) and should be precluded under FRE 403. These arguments are quite similar to those made in B.

With regards to FRE 404(b) the evidence does not go to show motive, opportunity, intent, preparation, knowledge, absence of mistake, or lack of accident. The fact that the Defendant allegedly attempted to disguise the ownership of a vehicle has no bearing on those questions as the relate to allegations of narcotics trafficking. Motive is clear from the allegations, this evidence adds nothing related to motive. Opportunity is likewise not impacted by these allegations, they do nothing to show that the Defendant had the opportunity to traffic narcotics. They do not show intent, that is clear from the allegations themselves.

While these actions could theoretically go to show knowledge that is not convincing here for the same reasons as in B. Were Mr. Ortega to claim that he did not know of the illegal nature of the alleged conspiracy or some similar claim then it would be a different matter, but absent that there is not a clear theory under which this evidence goes to any of those factors.

The fact that the evidence in question does not actually pertain to any of the factors listed in FRE 404(b) means that it has minimal probative value, if any. The question is if the prejudicial effect of this evidence, which is quite significant, outweighs the probative value. Given the minimal probative value that is the case here as well.

Again the Government cites to Roldan–Zapata, and again this argument is not convincing as discussed *supra*.

### D. The Government's Motion III Should be Denied in Part

The Government makes a Motion in Limine to preclude "any evidence and argument that would invite [jury] nullification." To this end they argue that the mere mention of anything that could possibly make the Defendant "appear sympathetic" should be precluded "absent a showing that such factors bear on guilt[,]" this request should be denied. The proposed jury instructions submitted by both parties request an instruction that the jury is to decide the case based upon the

3

law as it is given to them by the Court and the facts, not based upon sympathy. The proposed voir dire submitted by both parties similarly asks jurors if they could exclude sympathy from their decision making and decide the case based upon the law and the evidence. There is no indication that the individuals eventually selected to serve as jurors in this case will be unable to follow this instruction, in fact it is a near certainty that any individual who indicates they could *not* do so would not be selected to serve. Given that the Government's request is unnecessary. Any mention of any matter that could allegedly "appear sympathetic" could be overcome with that instruction, without placing a burden on the Defense. This is not to argue that the Defense should be granted free rein with regards to these factors, but that a blanket prohibition is overly restrictive. Any issues could be solved with an objection and/or a limiting instruction should a problem arise.

Were the Government's motion to be granted the defense would request that the Government similarly be precluded from introducing any evidence in their case intended to make any witness or alleged victim appear sympathetic absent a showing that such factors bear on guilt. Factors such as "family background, children, health, age, religion, or any other similar personal factors," of a Government witness or an alleged victim should be precluded "absent a showing that such factors bear on guilt." Any arguments that the Government has made in their Motions in Limine would similarly apply to the Government's proffer of such evidence.

**CONCLUSION**

Based upon the foregoing, it is respectfully submitted that relief requested in the Preliminary Statement be granted, as well as any just and further relief this court deems necessary.

Dated: 1/5/2023

*Respectfully Submitted,*

*Dawn M. Florio*

Dawn M. Florio Law Firm P.L.L.C.
By DAWN M. FLORIO
Attorney for Defendant
Billy Ortega
488 Madison Ave, 20th
New York, NY 10022
(212) 939-9539

To: Clerk of the District Court
   Southern District of New York
   AUSA Michael Herman
   AUSA Micah Fergenson
   AUSA Robert Sobelman

4