UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

UNITED STATES OF AMERICA

                                         **MEMORANDUM IN SUPPORT OF MOTION IN LIMINE**
      -against-                                   **IND# 22-CR-091-S4 (RA)**

**BILLY ORTEGA,**

Defendant.
-------------------------------------------------------------------X

Your Honor,

**PRELIMINARY STATEMENT**

      Defendant BILLY ORTEGA submits these Motions in Limine pursuant to Federal Rules of Criminal Procedure Rule 12, on the schedule set by the Court. Pursuant to Federal Rule of Criminal Procedure 12, and for the reasons set forth in the memorandum, the Defendant hereby moves for an order:

1. Allowing defense counsel to inquire into matters related to the medical status of Kaylen Rainey under Federal Rules of Evidence (FRE) 608.
2. Allowing defense counsel to inquire into matters related to Kaylen Rainey's actions within the Metropolitan Detention Center (MDC) under FRE 608 and 404.
3. Prohibiting the Government from introducing any unnoticed evidence of prior bad acts.

**A. Defense Counsel Should be Permitted to Inquire into the Medical Status of Kaylen Rainey Under FRE 608**

      In this case the Government will present at trial the testimony of Kaylen Rainey, a cooperating witness. The Defense intends to present a rebuttal witness, Jonathan DeLaura, who is incarcerated in the MDC with Mr. Rainey. Based upon this information it appears that Kaylen Rainey has engaged in acts of prostitution while in the MDC. It also appears ███████ ████████████████████████████████████████████████████████████████████████ The failure to inform individuals about ████████████████████████████████████████ is profoundly dishonest. FRE 608(b) states, in relevant part, that "the court may, on cross examination, allow [specific instances of conduct] to be inquired into if they are probative of the character for truthfulness or untruthfulness of… the witness[.]"

      Counsel understands that this is a sensitive matter of inquiry, and intends to limit questioning to the question of the character for untruthfulness that is supported by this.

### B. Defense Counsel Should be Permitted to Inquire into the Actions of Kaylen Rainey in the MDC

It further appears that, in addition to ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓, that Mr. Rainey is engaged in acts of prostitution and the distribution of narcotics, including drugs laced with fentanyl, within the MDC. This is admissible as it shows that Mr. Rainey puts his interests above those of society, which implicates his character for truthfulness. Furthermore this shows a common fraud or scheme on behalf of Kaylen Rainey, he sold drugs laced with fentanyl while at liberty and has continued this scheme of selling fentanyl laced drugs while in the MDC.

### C. The Government Should be Prohibited from Introducing Evidence of any Prior Bad Acts for Which They Have Not Provided Notice

Rule 404(b)(2) states, in relevant part, that "the prosecutor must: (A) provide reasonable notice of the general nature of any such evidence that the prosecutor intends to offer at trial." The defense has received notice, in the form of a December 27, 2022 disclosure by the Government, of matters that the Government intends to introduce under Rule 404. Objections to those matters will be dealt with in the defense response, due on January 6, 2023. We request that the Government be prohibited from introducing evidence of any prior bad acts that have not been noticed. If the Court is unwilling to issue such prohibition we request that, should the Government attempt to introduce any unnoticed prior bad acts the defense be given leave to file a motion challenging such evidence.

### D. The Government Should be Prohibited from Introducing Evidence Related to the Status of Co-Defendant Drayton

The Government should be prohibited from introducing any evidence related to the status of co-defendant Drayton or mentioning that status. Mr. Drayton has pled guilty. Any mention of his status would be highly prejudicial to Mr. Ortega. The fact that his co-defendant pled guilty should not be mentioned due to this prejudice which risks Mr. Ortega being convicted because since his co-defendant was convicted he must therefore be guilty of something too. In the proposed jury instructions we intend to ask for a jury instruction that the jurors are not to speculate regarding any of his co-defendants and why they are or are not present.

### CONCLUSION

Based upon the foregoing, it is respectfully submitted that relief requested in the Preliminary Statement be granted, as well as any just and further relief this court deems necessary.

Dated: 12/29/2022

*Respectfully Submitted,*

*Dawn M. Florio*

Dawn M. Florio Law Firm P.L.L.C.
By DAWN M. FLORIO
Attorney for Defendant
Billy Ortega
488 Madison Ave, 20th
New York, NY 10022
(212) 939-9539

To: Clerk of the District Court
    Southern District of New York
    AUSA Michael Herman
    AUSA Micah Fergenson
    AUSA Robert Sobelman