UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

v.

BILLY ORTEGA, a/k/a "Jason,"

Defendant.

S4 22-CR-91 (RA)

ORDER

---

RONNIE ABRAMS, United States District Judge:

Currently before the Court are the parties' motions in limine, which the Court intends to rule upon at the final pretrial conference scheduled for Friday, January 13, 2023. Given the time-sensitivity of the government's fourth motion in limine, however, the Court addresses it now—and grants the motion.

Pursuant to Rule 16(b)(1)(A), if a defendant "requests disclosure under Rule 16(a)(1)(E) and the government complies," then the defendant must permit the government to inspect any documents in the defendant's "possession, custody, or control," which the defendant "intends to use" in his "case-in-chief at trial." Fed. R. Crim. P. 16(b)(1)(A). The government argues that, although it has complied with its disclosure obligations under Rule 16, after multiple requests from the government, Defendant has not.

When a defendant "avail[s] himself of the strategy to obtain discovery of the government, he must comply with the requirement for reciprocal discovery." *United States v. Ryan*, 448 F. Supp. 810, 811 (S.D.N.Y. 1978), *aff'd*, 594 F.2d 853 (2d Cir. 1978). To be sure, a defendant "can forgo discovery of the evidence that the government intends to use in its case-in-chief, and thereby avoid being required to disclose the evidence that [he] intends to use in support of [his] defense." *United States v. Larkin*, No. 12-cr-319, 2015 WL 4415506, at *5 (D. Nev. July 20, 2015). But

Rule 16 "does not allow the defendant to have it both ways"—that is, he "cannot obtain the government's evidence without disclosing [his] own evidence . . . ." *Id*. at *5.

Accordingly, to the extent that Defendant intends to use any of the materials which are subject to disclosure under Rule 16(b)(1)(A) during his case-in-chief, they shall be produced to the government no later than Thursday, January 12, 2023, at noon. *See, e.g., United States v. Shea*, No. S2-20-cr-412 (AT), Dkt. 206 (S.D.N.Y. May 4, 2022) (requiring Rule 16 defense production two weeks before trial); *United States v. Avenatti*, No. 19-cr-374 (JMF), Dkt. 213 (S.D.N.Y. Jan. 7, 2022) (same); *United States v. Maxwell*, No. 20-cr-330 (AJN), Dkt. 297 (S.D.N.Y. June 2, 2021) (setting a defense Rule 16 deadline three weeks prior to trial, over Maxwell's objection); *United States v. Huntress*, No. 13-cr-199 (WMS), 2015 WL 631976, at *33 (W.D.N.Y. Feb. 13, 2015) (rejecting the argument that the defense need not provide reciprocal discovery because it had "not made any decision as to whether it will be putting a case on at trial, as we do not know if the government will meet its burden of proof").

Should Defendant fail to produce material subject to his disclosure obligations under Rule 16, he will be precluded from using such evidence during his case-in-chief. *See United States v. Madonna*, No. 17-cr-89 (CS), Dkt. 655 (S.D.N.Y. Mar. 1, 2019) (requiring "Defendant to produce reverse Rule 16 discovery" thirty-three days before trial and noting the court would "preclude evidence that has not been turned over" by the defense).

SO ORDERED.

Dated:   January 10, 2023
         New York, New York

_____
Hon. Ronnie Abrams
United States District Judge