Court Ex 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES,

           v.

BILLY ORTEGA,

           Defendant.

No. 22-CR-91 (RA)

---

RONNIE ABRAMS, United States District Judge:

## JUROR QUESTIONNAIRE

Please indicate if your answer to any of the following questions is "**yes**" by circling the number of that question and informing the Court when asked. If your answer to a question is "**no**," you need not do anything. Do not write your name or make any other marks on the questionnaire. If, when asked about a "**yes**" answer, you prefer not to explain your answer in open court, please say so and we will talk in a more private setting.

### I.  General Questions

1. Based on my summary, do you have any personal knowledge of the facts or allegations in this case other than what I have told you thus far?

2. Have you heard, read, or seen anything through the media, internet, or any other source that you think, for any reason, would affect your ability to be fair and impartial in this case?

### II.  Trial Participants

3. The defendant in this case is Billy Ortega. Do you, or any of your relatives or close friends, know him? Have you, or any of your relatives or close friends, had any dealings with him? Do you have any knowledge or information about him that would affect your ability to be fair and impartial in this case?

4. The defendant is represented by Dawn Florio and Declan Murray, as well as by Alan Seidler. Do you, or any of your relatives or close friends, know Ms. Florio, Mr. Murray, or Mr. Seidler? Have you, or any of your relatives or close friends, had any dealings with them or with Ms. Florio's firm? Do you have any knowledge or information about them that would affect your ability to be fair and impartial in this case?

5. The government is represented here, as in all cases where it is a party before this Court, by the United States Attorney for the Southern District of New York, Damian Williams. The conduct of the trial will be in the immediate charge of Assistant United States Attorneys Micah Fergensen, Michael Herman, and Robert Sobelman, who will be assisted by paralegal specialists Christine Woods and Alex Frenchman. Do you, or any of your relatives or close friends, know any of these individuals? Have you, or any of your relatives or close friends, had any dealings with them? Do you have any knowledge or information about them that would affect your ability to be fair and impartial in this case?

6. Do you, or any relatives or close friends, have any association—professional, business, or social, direct or indirect—with any member of the staff of the United States Attorney's Office for the Southern District of New York?

7. The government attorneys will also be assisted by Special Agent Susan Ruiz of Homeland Security Investigations ("HSI") and Detective Samantha Gill of the New York City Police Department ("NYPD"). Do you, or any of your relatives or close friends, know Special Agent Ruiz or Detectice Gill? Have you, or any of your relatives or close friends, had any dealings, directly or indirectly, with either of them? Do you have any knowledge or information about them, HSI, or NYPD that would affect your ability to be fair and impartial in this case?

8. Do you, or any relatives or close friends, have any association—professional, business, or social, direct or indirect—with HSI or NYPD?

9. I will now read a list of names of individuals who may be mentioned during the trial, or who may be witnesses in this case:

    1. Roy Abounaoum
    2. Lenny Adames
    3. Elba Arango
    4. Ed Cabrera
    5. Edgar Castro
    6. Patrick Chan
    7. Bitto Cheriyan
    8. Angela Constante
    9. Gail Cooper
    10. Hope Cooper
    11. Danielle Corniffe
    12. Rosanna Corrado
    13. Jorge Ramos Cruz
    14. Sonia Cuevas
    15. Jonathan DeLaura

16. Roniel Dilone
17. William Drayton
18. Sarah Farrell
19. Kareem Freckleton
20. Lauren Furman
21. Julia Ghahramani
22. Kim Ghahramani
23. Sassan Ghahramani
24. Daniel Gitner
25. Poonam Goel
26. Stacey Hail
27. Francine Hamburger
28. Alfred Hernandez
29. Charles Hirsch
30. Jason Ienner
31. Brendan Jones
32. Josephine Karpeh-Kyne
33. Lauren Lackey
34. Julien Laor
35. Miriam Ludwig
36. Yvelisse Matias
37. Anthony Mangano
38. Lily Ann Marden
39. Josefina Marine
40. Julio Merchan
41. Natalia Mrozek
42. Ross Mtangi
43. Stanike Mtangi
44. Michael Novoa
45. Juan Perez
46. Andrew Petersohn
47. Tonya Phoenix
48. Brian Prestigiacomo
49. Margaret Prial
50. Keven Quezada
51. Kaylen Rainey
52. James Romano
53. Enrique Santos
54. Amanda Scher
55. Bruce Scher
56. Zachary Taylor
57. Gary Williams
58. Theresa Wilson
59. Reese (Maurice) Whyte

60. Roy Zapanta

Do you, or any relatives or close friends, know any of those people? Have you, or any relatives or close friends, had any dealings, directly or indirectly, with any of them? Do you have any knowledge or information about them that would affect your ability to be fair and impartial in this case?

10. I will now read a list of locations that may be mentioned during the trial:

1. 95 Wooley Road, West Milford, New Jersey
2. The Fulton Houses, 431 W 17th St, New York, New York
3. 185 Avenue B, New York, New York
4. 303 Lexington Avenue, New York, New York
5. 50 East 8th Street, New York, New York
6. 37 Warren Street, New York, New York
7. The Highline Ballroom, 438 West 16th Street, New York, New York

Do you, or any relatives or close friends, know any of those places? Do you have any knowledge or information about those locations that would affect your ability to be fair and impartial in this case?

11. As you look around this room, do you recognize anyone?

### III. Issues Relating to Subject Matter of this Case

12. Would the fact that the charge in this case involves illegal drugs, and specifically cocaine, fentanyl, and acetylfentanyl, affect your ability to be fair and impartial in this case?

13. Do you believe that it should not be a crime for a person to possess or sell illegal drugs, including cocaine, fentanyl, and acetylfentanyl, or that the laws governing this crime should not be enforced?

14. Would the fact that this case involves allegations that three individuals died from use of illegal drugs affect your ability to be fair and impartial in this case?

15. Have you, or has anyone close to you, had any personal experience (for example, with addition, rehabilitation, or a family member who suffered from addiction) with any illegal narcotics—including, but not limited to, cocaine, fentanyl, and acetylfentanyl—that would affect your ability to be fair and impartial in this case?

16. Have you, or any relatives or close friends, ever overdosed on or died from the use of drugs? Would that experience affect your ability to be fair and impartial in this case?

17. Would you have any difficulty following my instruction that the law permits the defendant to be found guilty of a narcotics offense, assuming all the elements of the crime are proven beyond a reasonable doubt, if he intended to distribute one drug, such as cocaine, but actually distributed another drug or a mixture that contained another drug, such as fentanyl or acetylfentanyl?

18. Would you have any difficulty following my instruction that the defendant may be held responsible for causing another person's death through distributing illegal drugs to that person even if he did not intend to cause the other person's death?

19. Do you have any opinion about the enforcement of the federal drug laws generally that would prevent you from considering the evidence in this case with an open mind or from following my instructions on the law?

20. Have you, or has anyone close to you, ever lobbied, petitioned, or worked in any manner for or against any laws or regulations relating to controlled substances, including but not limited to cocaine, fentanyl, or acetylfentanyl?

21. Do you have an opinion or a belief that drugs like cocaine, fentanyl, and acetylfentanyl should be legalized or that those involved with selling illegal drugs should not be prosecuted?

22. Have you, or has anyone close to you, ever been involved—as a defendant, victim, or any other way—in a case involving illegal drugs?

## IV. Experience with Legal System

23. Are you, or any relatives or close friends, a lawyer or otherwise trained in the law?

24. Do you, or any relatives or close friends, work in law enforcement? In what capacity?

25. I asked specifically about the U.S. Attorney's Office, HSI, and NYPD earlier. Do you, or any relatives or close friends, have any association—professional, business, or social, direct or indirect—with any other law enforcement or agency, including but not limited to the Drug Enforcement Administration ("DEA"), or the Office of the Chief Medical Examiner of the City of New York?

26. Have you, or any relatives or close friends, had any interactions with anyone in law, law enforcement, the justice system or the courts that would affect your ability to be fair and impartial in this case?

27. Have you, or any relatives or close friends, either as an individual or in the course of your business, ever been a party to any legal action or dispute with the United States or any of its departments, agencies, or employees? Have you, or any relatives or close friends, had any legal, financial, or other interest in the outcome of such a dispute?

28. Have you, or any relatives or close friends—either through any experience you have had or anything you have seen or read—developed any strong feelings for or against the United States Department of Justice, the United States Attorney's Office for the Southern District of New York, HSI, the DEA, the NYPD, or the Office of the Chief Medical Examiner of the City of New York?

29. Have you, or any relatives or close friends, ever been involved with or appeared as a witness in any investigation by a federal or state grand jury, or by a Congressional or state legislative committee, licensing authority, or governmental agency? Have you, or any relatives or close friends, been questioned in any matter by a law enforcement agency?

30. Have you, or any relatives or close friends, ever been a witness or a complainant in any hearing or trial?

31. Are you, or any relatives or close friends, now under subpoena, or to your knowledge, about to be subpoenaed in any case?

32. Have you, or any relatives or close friends, ever been charged with a crime?

33. Have you, or any relatives or close friends, ever been a victim of a crime?

## V. Prior Jury Service and Lawsuits

34. Have you ever been a juror in a criminal or civil case, state or federal? If so, please state whether each case was in state or federal court, whether it was a criminal or civil matter, and, without telling me what the verdict was, whether a verdict was reached. Would that experience affect your ability to be fair and impartial in this case?

35. Have you ever served as a grand juror, state or federal? If so, please indicate where and when you served, and describe, in general terms, the kinds of cases you heard. Recognizing that there is a different standard of proof in the grand jury, would that experience affect your ability to be fair and impartial in this case?

36. Have you ever been a plaintiff or a defendant in a lawsuit, meaning have you ever sued someone or been sued? If so, what was the nature of the

allegations? Would that experience affect your ability to be fair and impartial in this case?

## VI. Evidence and Witnesses

37. The witnesses in this case may include, among others, agents of the HSI, DEA, or NYPD. Would you be more likely, or less likely, to believe a witness merely because they are a law enforcement officer?

38. Would you have any difficulty accepting my instruction that the testimony of a law enforcement officer should be evaluated by you just as you would evaluate the testimony of any other witness?

39. You might also hear testimony from expert witnesses. Have you had any experience with experts, or do you have any general feeling about the use of experts, that might affect your ability to be fair and impartial in this case?

40. I will instruct you that you are to give any witness called by the government and any witness called by the defense no greater or lesser weight simply because they are called by the government or by the defense. Would you have any difficulty following my instructions on the law in this regard?

41. Do you have any expectations about the types of evidence that the government should or will present in this criminal trial, or in a criminal trial more generally, that would make it difficult for you to accept my instruction that the government is not required to use any particular investigative techniques in presenting evidence in this case?

42. You may hear testimony in this case from accomplice or cooperating witnesses, that is, witnesses who were previously involved in illegal activity, but who have pleaded guilty to various crimes or are testifying pursuant to agreements with the government. I instruct you that the use of such witnesses is perfectly legal and is often a necessary law enforcement tool. Do you have any experience with or feelings about the use of accomplice witnesses or cooperation agreements by the government, or the use of evidence or information obtained from such witnesses or agreements, which would affect your ability to be fair and impartial in this case?

43. You may hear testimony in this case from one or more witnesses who may testify under a grant of immunity from this Court. What this means is that the testimony of the witness may not be used against him or her in any criminal case, except a prosecution for perjury, giving a false statement, or otherwise failing to comply with the immunity order of this Court. I instruct you that, like accomplice or cooperating witnesses, the use of immunized witnesses is also perfectly legal and is often a necessary law enforcement

7

tool. Do you have any experience with or feelings about the use of immunized witnesses by the government, or the use of evidence or information obtained from such witnesses, which would affect your ability to be fair and impartial in this case?

44. The defendant is charged with acting with others in committing the crime with which he is charged. Those other individuals are not on trial before you. You may not draw any inference, favorable or unfavorable, toward the government or the defendant from that fact. You also may not speculate as to the reason why the other persons are not on trial at this time. Would you have any difficulty following my instruction regarding the other individuals not on trial?

45. Some of the evidence admitted at trial may come from searches performed by law enforcement officers. Would you have any difficulty following my instruction that those searches were legal and the evidence obtained from those searches is admissible in this case?

46. Under our Constitution, the defendant does not have to testify, because the burden of proof remains with the government at all times. If the defendant does not testify, the jury may not draw any unfavorable inference against the defendant based on that decision. That fact cannot enter at all into the jury's deliberations. Would you have any difficulty following my instructions on the law in this regard? Do you have any problem with the legal principle that the burden of proof in a criminal case rests solely on the government?

47. In addition, under our Constitution, the defendant is innocent until proven guilty. The defendant is therefore under no obligation to present any evidence or case on his own behalf, and it is the government that must prove its case beyond a reasonable doubt. If the defendant elects not to present any evidence, the jury cannot draw any adverse inference against him based on that decision. That fact cannot enter at all into the jury's deliberations in any way. If the defendant does produce evidence or does put on a case, the burden of proof remains with the government and never shifts to the defendant. Would you have any difficulty following my instructions on the law in this regard?

## VII. Function of the Court and Jury

48. The function of the jury is to decide questions of fact. As a juror, you are the sole judge of the facts and nothing that the Court or the attorneys say or do may intrude in any way on your role as the exclusive fact finder. However, when it comes to the law, you are to take your instructions from the Court and you are bound by those instructions. You may not substitute your ideas

of what the law is or what you may think the law should be. Would you have any difficulty following my instructions on the law in this regard?

49. Would you have any difficulty following my instruction that the defendant in a criminal case is presumed innocent, and that the burden of proof remains at all times with the government to prove the defendant guilty of each charge against him beyond a reasonable doubt?

50. Would you have any difficulty following my instruction that an indictment is only an accusation, and that the fact that an individual has been indicted of one or more offenses does not mean that he is guilty of any offense?

51. Would you have any difficulty following my instruction that the question of punishment is for the Court alone to decide and that any possible punishment must not enter into your deliberations as to whether the defendant is guilty of the crimes charged?

52. Sympathy and prejudice must not enter into the deliberations of the jurors as to whether the defendant is guilty or not guilty, and only the evidence produced here in court may be used by you to determine whether the defendant is guilty or not guilty of the crimes charged. Would you have any difficulty following my instructions on the law in this regard?

53. Would you have any difficulty following my instruction that agreeing to commit a crime is itself a crime, that the agreement itself is prohibited, and that it does not matter if the defendant or his co-conspirators actually completed the crime that was the object of the conspiracy?

54. It is not a particularly pleasant duty to find another individual guilty of committing a crime. Even if the evidence established the defendant's guilt beyond a reasonable doubt, might you have difficulty rendering a guilty verdict for reasons unrelated to the law and the evidence?

55. If the government fails to prove the defendant's guilt beyond a reasonable doubt, is there any reason that you could not render a verdict of not guilty?

56. Do you believe that our system of criminal justice improperly favors anyone?

57. Do you have any religious, philosophical, or other beliefs that would make you unable to render a verdict for reasons unrelated to the evidence or the Court's instructions?

58. I don't know if the case will generate any publicity, but if it does, is there any reason that you would not accept the proposition that you should absolutely avoid reading about this case in the newspapers or on the Internet or listening to any radio or television reports concerning the case until after it is over?

59. I have tried to direct your attention to possible reasons why you might not be able to serve as a fair and impartial juror. Aside from the previous questions I have asked, do you have any doubt, for any reason, about your ability to be fair and impartial in this case?

## VIII. Difficulties in Understanding or Serving

60. This trial is expected to last approximately one and a half to two weeks. The jury will typically sit from 10:00 a.m. to 5:00 p.m. Monday through Friday. Is there any *significant* hardship that would prevent you from serving as a juror for that period of time?

61. Do you have problems with your hearing or vision which might interfere with your ability to serve on the jury in this case?

62. Are you taking any medication that might prevent you from giving full attention to all of the evidence at this trial?

63. Do you have any difficulty in reading or understanding English?

64. Do you have any reservations about discussing your opinions with other people or about sitting in judgment of others?

65. Do you have any physical problem, disability, medical issue, or other personal or emotional hardship that may prevent you from giving full attention to all of the evidence at this trial?

66. Is there any other reason why you may not be able to give your full attention to the trial, or serve responsibly as a juror?

## IX. Questions for Individual Jurors

1. Where were you born and where did you grow up?

2. Without mentioning your exact address, what neighborhood do you live in? How long have you lived there?

3. Do you rent or own your home?

4. How far did you go in school and what did you study?

5. If you are employed, who is your employer? What is your occupation? How long have you been employed by that employer? If retired or unemployed, for whom did you last work and when did you work for them?

6. If you have a significant other, what is their occupation? How long have they been employed by their most recent employer?

7. If you have working children, what are their occupations? How long have they been employed by their most recent employer?

8. Have you, or has any member of your immediate family, served in the military? If so, when?

9. How do you get your news?

10. What, if anything, do you enjoy reading?

11. What television shows, if any, do you typically watch?

12. Do you watch "Law & Order," "CSI," or other police or legal dramas?

13. Do you listen to talk radio or Podcasts? If so, what stations or programs?

14. Do you regularly visit any websites or utilize social media? Which ones?

15. Are you a member of any organizations, clubs, associations, or unions, or do you volunteer your time?

16. What do you like to do in your spare time?

17. Name a public person—other than a friend or relative—dead or alive, who you admire.

18. Aside from the questions that have already been asked, is there anything else you believe that this Court or any of the parties might want to know in deciding whether you should be selected to serve as a juror in this case?