MCG5ortC

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,              New York, N.Y.

           v.                          22 Cr. 91 (RA)

BILLY ORTEGA,

              Defendant.

------------------------------x
                                       December 16, 2022
                                       2:35 p.m.

Before:

                    HON. RONNIE ABRAMS,

                                       U.S. District Judge


                         APPEARANCES

DAMIAN WILLIAMS
     United States Attorney for the
     Southern District of New York
BY:  MICHAEL HERMAN
     MICAH FERGENSON
     Assistant United States Attorneys

DAWN M. FLORIO LAW FIRM, PLLC
     Attorneys for Defendant
BY:  DAWN M. FLORIO
BY:  DECLAN J. MURRAY
```

          (Case called)

          THE DEPUTY CLERK: Counsel, please state your name for the record.

          MR. HERMAN: Good afternoon, your Honor. Michael Herman and Micah Fergenson for the government.

          THE COURT: Good afternoon.

          MS. FLORIO: Good morning, your Honor. Dawn Florio of The Dawn Florio Law Firm. I represent Mr. Billy Ortega.

          Good afternoon, counsel.

          Good afternoon, your Honor.

          THE COURT: Good afternoon.

          MR. MURRAY: Good afternoon, your Honor.

          Good afternoon, counsel.

          Declan Murray, D-E-C-L-A-N, last name M-U-R-R-A-Y of The Dawn Florio Law Firm, also for Mr. Ortega, who is seated to my left.

          THE COURT: Thank you.

          So, we are here to arraign Mr. Ortega on the superseding indictment that was filed on December 13th. As I understand it, the indictment does not add any additional counts but contains the following revisions: The narcotics conspiracy in Count One is alleged to have formed in and at least as of 2015 instead of 2018, and a fentanyl analog was added to Counts One and Two, and the superseding indictment S4 also contains a forfeiture allegation.

        Is there anything else that is different in this indictment?

        MR. HERMAN: No, your Honor.

        THE COURT: All right.

        Mr. Ortega, have you seen a copy of this superseding indictment?

        THE DEFENDANT: Yes.

        THE COURT: Have you discussed it with your attorneys?

        THE DEFENDANT: Yes.

        THE COURT: Would you like me to read it out loud or do you waive its public reading.

        THE DEFENDANT: Waive it.

        THE COURT: How do you plead?

        THE DEFENDANT: Not guilty.

        THE COURT: So why don't we talk about the status of this matter. On December 14th, as you all know, I granted, in part, a revision of the dates for the pretrial submissions but beyond that, is there anything else we need to discuss today?

        MR. HERMAN: Your Honor, I just thought it would be an opportunity to provide the Court an update with respect to some of the issues raised in the defense letter that led to the modification of the schedule.

        THE COURT: Sure.

        MR. HERMAN: It relates to, primarily, to new cellphones that the government was able to access only last

month.

As the Court is aware, when cell phones are seized pursuant to a search warrant, as was the case here, without the pass code which the defense has no obligation to provide and they did not provide here, we will attempt to access it through using a number of forensic tools. Sometimes that happens fast, sometimes it takes a long time, sometimes we can never get into a phone. In this particular case, some phones were able to be accessed early in the case and those were produced. Three phones -- actually, I'm sorry, four phones that were in Mr. Ortega's residence when it was searched incident to his arrest back in February were able to be accessed only in mid-November. We immediately informed the defense about that. We produced or we sent a -- they sent us a drive since they were too large to be produced electronically. We loaded it. And, as I said stated in defense letter, it was sent out on December 8th, apparently got lost in the mail, but the update is the post office found it and it has since been delivered, and we also sent out another production containing the identical phones and that has also been delivered, from my understanding.

Just so the court is aware, we also produced today some additional NYPD records, they're called companion cases which is essentially, from our understanding, largely duplicative NYPD reports for materials that we produced in

1 discovery.

2 THE COURT: And what kind of volume are you talking
3 about with respect to the reports?

4 MR. HERMAN: So, the total size is a little over 2
5 gigabytes, although in our view that sort of overstates how big
6 they are given that they contain attachments and documents that
7 have already been produced. It is just they've been -- they're
8 also -- in other words, attachments contained in the original
9 NYPD reports are also contained in the companion cases and so
10 there is this other version of the same documents that have
11 already been produced. So, that was sent out today and I don't
12 believe there is going to be any additional discovery.

13 There will be expert notice. We are hoping to
14 disclose experts next week. We have been informed the defense
15 position is they are not willing to stipulate to drug results
16 or medical evidence so that means we are going to be noticing
17 10 experts which would include three drug chemists, three
18 medical examiners -- sorry, two medical examiners, and three
19 forensic toxicologists in addition to two other experts. And,
20 as the Court is aware, there is a new expert disclosure rule.
21 Technically it only applied to cases that commenced after
22 December 1st but we are endeavoring to comply with it, so there
23 are a number of additional requirements including signatures.
24 So, it's a process and we are almost done with that and expect
25 to make that disclosure next week.

1          THE COURT:  With respect to all 10?

2          MR. HERMAN:  Yes, your Honor.

3          THE COURT:  All right.  Thank you.

4          So, Ms. Florio or Mr. Murray, so I granted the bulk of

5 your request for an extension because I assumed it was really

6 what you needed more time on was the *in limine* motions.

7          MS. FLORIO:  Yes, your Honor, and we appreciate that.

8          Just to give the Court an update, so our co-counsel

9 has, I believe he has expressed to us that he has actually

10 received the hard drive however he is not part of my law firm

11 and is not in close proximity.  I had dropped off to the

12 government two hard drives so myself and also my client.  As

13 soon as they are done, I would ask the government to provide

14 one to me and one, if they could mail it to my client because

15 we are not allowed to provide hard drives directly.  The

16 government would have to provide that.  And, there are four

17 phones that were seized from his residence and I don't know

18 this but I am assuming, because the government has gotten into

19 my client's phone and there is extensive text messages probably

20 in the phones, that is why the dates went from one date to back

21 to 2015.  So, it is going to take us a long time to review

22 everything and see what's in there that might -- that's why we

23 needed more time, of course, to prepare our motions *in limine*.

24          Also, your Honor, I just wanted to let the Court know

25 that the government had, I guess in anticipation of possibly my

client testifying, had emailed over a subpoena for my client, which we believe is protected by his Fifth Amendment. So, at some point -- I haven't discussed this with my client and we are not sure if we are going to accept service or not, I have to discuss this with my client and with co-counsel, but we may be making a motion to quash the subpoena.

So, I just wanted to update the Court with respect to something we just received, an e-mail this morning.

THE COURT: Let me turn back to the government.

With respect to the producing additional copies including directly to Mr. Ortega of those materials, is that going to be a problem?

MR. HERMAN: No, your Honor. And just a few clarifications?

The basis for the superseding indictment was not due to new information obtained in the cell phones. The defense already has discovery that supported the extension of the date.

THE COURT: Back to 2015.

MR. HERMAN: Yes, your Honor.

With respect to the subpoena, as it clearly states on the face of the subpoena, this -- we are only seeking to enforce it if, as, and when, the defendant chooses to testify in his own defense. Obviously the defendant may or may not have made that decision yet. However, it's prudent practice to give a subpoena sufficiently in advance of that decision so

that defense is on notice for the documents that we might request should he choose to testify in his own defense. If he doesn't choose to testify in his own defense, we will not seek to enforce the subpoena.

THE COURT: One question. With the addition of these experts, how do you think that will affect the length of trial? Trial, of course, is scheduled to begin on January 18th, we have a final pretrial conference scheduled for January 13th.

MR. HERMAN: Yes, your Honor.

In our view, most of these experts are similar to what the Court might see as custodial witnesses, the three drug chemists will simply testify to the laboratory analysis they performed of the drugs, for example. Having said that, eight of the 10 experts are going to be that category so it will cause additional days to be added unless the defense re-visits their decision to stipulate to that testimony. I'm not sure if I am in a position now to say exactly how much longer the trial will be but, obviously, an additional eight witnesses, it will add some time.

THE COURT: OK. Well, when you have a better sense of that, to the extent you do, I understand you can't control what the defense chooses to do and whether Mr. Ortega chooses to testify, which is entirely up to him as of course he has a constitutional right not to testify, but he also has the right to testify if he chooses to. But, putting that aside with

1    respect to the experts, once you have a better sense of that,

2    that would just be helpful for scheduling purposes including

3    whether we should sit on Fridays, for example.

4              MR. HERMAN:  Your Honor, I think given that we are

5    starting trial on a Wednesday it may make sense to at least sit

6    on that first Friday.

7              MS. FLORIO:  I'm sorry.  I couldn't hear you.

8              THE COURT:  He said that since we are beginning trial

9    on a Wednesday, it may make sense to sit on that first Friday,

10   which is the 20th.  That is fine with the Court.  Part of the

11   reason I am asking is I have another criminal case scheduled

12   for January 30th, so just as much heads up as I can give to

13   counsel in the other cases so that they know when to ask

14   witnesses to come in and the like would be appreciated.

15             Ms. Florio, Mr. Murray, anything else from either of

16   you?

17             MS. FLORIO:  I would just inquire as to when we would

18   get witness lists and 3500 material.

19             THE COURT:  What is the government's position on that?

20             MR. HERMAN:  Your Honor, I think we are likely to be

21   able to reach an agreement with the defense on this so we would

22   like an opportunity to discuss those issues with the defense,

23   and if we can't agree, then we can bring it to the Court's

24   attention.

25             THE COURT: OK.  All right.  Why don't you do that

soon, though, so that we know if there is going to be an issue we can front it as quickly as possible.

MR. HERMAN: OK.

THE COURT: OK?

MR. HERMAN: Thank you, your Honor.

THE COURT: Anything else, Ms. Florio? Mr. Murray?

MS. FLORIO: Your Honor, I would just let the Court know we would be submitting an application that we could use our laptops for court. I can't think of anything else.

Nothing else.

MR. MURRAY: Nothing else, your Honor.

THE COURT: That won't be a problem, and that, we will talk about more logistics at the final pretrial conference on January 13th. Among other things, you will just want to make sure that you are fluent with the Court technology. You may already be from other trials that you have tried here but just to make sure that you know how that works so that we don't slow things down.

MS. FLORIO: Thank you, your Honor.

THE COURT: OK. All right. If there is nothing else, time has already been excluded through the date of the trial, I believe January 18th, so if there is nothing else, we are adjourned. Thank you.

o0o