LAW OFFICE
OF
**B. ALAN SEIDLER**
305 BROADWAY, 7TH FLOOR
NEW YORK, NEW YORK 10007

REPLY TO:
PO BOX 582
PALISADES, NY 10964

TELEPHONE
(212) 334-3131
seidlerlaw@gmail.com

January 5, 2024

Hon. Ronnie Abrams
United State District Judge
United States Courthouse
40 Centre Street
New York, NY 10007

re: USA v. Ortega
   22cr91(RA)

Dear Judge Abrams;

At defendant's request [DKT #191] on December 4, 2023, your Honor ORDERED

Ortega to remain housed at the MDC for at least 90 days [Dkt #192]. Ortega's direct appeal is

pending in the Second Circuit [#23-7417] and Ortega's presence at the MDC is necessary for the

preparation of that appeal. A copy of your Honor's Order was emailed to Ms. N. Khan of the

MDC legal department on December 4, 2023 at 12:38 PM.

Nevertheless, on or about December 21st, the BoP shipped Ortega from the MDC to the

Berlin FCI in New Hampshire. I have had multiple correspondence to and from the MDC legal

department seeking Ortega's return to Brooklyn. Sophia Papapetru an MDC representative

advised me Ortega was moved because:

"....We understand that the Court made a recommendation {hat}he remain, but we

were unable to keep him here. We currently are subject to a population cap and

we are over the cap. Additionally, the US Attorney's Office indicated this was

only a recommendation by the Court and supported movement if deemed

necessary."

In my subsequent communication with AUSA Michael Herman he stated his Office will

not be involved in obtaining Ortega's return to the MDC.

I write to again request the Ortega be held at the MDC for 90 days to assist in the

preparation of the appeal of his conviction, and Ortega be returned to the MDC for that purpose.

Respectfully,

B. Alan Seidler

On December 4, 2023, the Court "respectfully request[ed] that Mr. Ortega remain housed at the MDC for at least 90 days." *See* Dkt. 192. Ultimately, however, "[a] sentencing court has no authority to order that a convicted defendant be confined in a particular facility . . .; those decisions are within the sole discretion of the Bureau of Prisons." *United States v. Williams*, 65 F.3d 301, 307 (2d Cir. 1995); *see also Fournier v. Zickefoose*, 620 F. Supp. 2d 313, 317 (D. Conn. 2009) ("Once the individual has been committed, the BOP has discretionary authority both in determining the individual's initial placement and in directing the transfer of the prisoner from one penal or correctional facility to another."). The decision as to where to house Mr. Ortega thus rests with the Bureau of Prisons.

SO ORDERED.

Hon. Ronnie Abrams
January 5, 2024